No. 23.—ADOLPHUS G. ELAM, plaintiff in error, *vs.* W. A. RAWSON, *et al.* defendant in error.

The principal and sureties in a promissory note were sued jointly, and judgment and *fi. fa.* went against them jointly. The sureties paid off the *fi. fa.* and the Sheriff made an entry to that effect on the *fi. fa.*

*Held*, That the sureties had no right to return the *fi. fa.* and take out a *ca. sa.* and arrest the principal.

*Ca. sa.* in Sumpter Superior Court. Before ALLEN, Judge October Term, 1856.

The facts of this case are these—William A. Rawson brought an action of assumpsit to February Term, 1855, of Sumpter Superior Court, against Adolphus G. Elam as principal and Paschal H. Wooten and Solomon Harrell, as securities, on a joint and several promissory note, payable to W. D. Cobb & Co., and transferred to plaintiff. At September term 1855, of said Court, the following verdict was rendered by the jury, to-wit: "We the jury find for the plaintiff the principal sum of one thousand eight hundred and fifty three dollars and thirty-six cents, with interest and costs of suit."

Upon this verdict the following judgment was entered, viz.: "Whereupon it is considered by the Court that the plaintiff do recover of the *defendant* the sum of one thousand eight

hundred and fifty three dollars and thirty-six cents for his principal debt and the further sum of ninety one dollars and eight cents for his interest up to this date, and the further sum of sixteen dollars and seventy-five cents for costs of suit, in this behalf laid out and expended, and the be defendant in mercy, &c.

"Judgment signed this third day of September, 1855.

"WORRILL & BROWN,

"Plaintiffs Attorney."

On the twenty-seventh day of September, 1855, the following *fi. fa.* issued, viz.:

STATE OF GEORGIA, } To all and singular the Sheriffs of said
SUMPTER COUNTY.   }          State—Greeting :

We command you that of the goods and chattels, lands and tenements of Adolphus G. Elam, principal, and Paschal H. Wooten and Solomon Harrell, securities, you cause to be made the sum of one thousand eight hundred and fifty-three dollars and thirty-six cents principal, and the further sum of ninety-one dollars and eight cents interest, up to the third day of September, 1855; and also the further sum of sixteen dollars and seventy-five cents for costs, with interest on the principal sum from the said third day of September, 1855, which William A. Rawson lately in our Superior Court, for said county, recovered against said A. G. Elam, principal, and Paschal H. Wooten and Solomon Harrell securities, for principal, interest and cost; and that you have the said several sums of money before the Judge of said Court, on the fourth Monday in February next, to render to the said William A. Rawson, &c.

On the twenty-second January, 1856, this *fi. fa.* was levied on two negroes belonging to Wooten; and soon afterwards about the twentieth February, 1856, was paid off in full by the securities; Wooten paying one thousand and fourteen dollars, and Harrell one thousand and twelve dollars and eighty-two cents, and the respective amounts endorsed on the *fi. fa.*

Afterwards, on the thirteenth day of June, 1856, at the instance of the securities and for their use and benefit, a *capias ad satisfaciendum* was issued by the Clerk of the Superior Court of Sumpter county, against Elam, Wooten and Harrell, commanding the Sheriff of said county to take the body of Elam, and him safely keep, so as to have his body before the Superior Court of said county on the second Monday in September, next, to satisfy William A. Rawson, the sum of $1,853 36 principal, and the sum of $91 08 interest, to third September, 1855, and also the further sum of $19 25 for costs, which lately in said Court, said Rawson recovered against said A. G. Elam, principal, and Wooten and Harrell, securities.

Upon this *ca. sa.*, Adolphus G. Elam, on the second July, 1856, was arrested, and gave bond with William D. Yarborough as his security, conditioned to appear at the next Superior Court of Sumpter county, and then and there stand to and abide by such proceedings as may be had, in relation to his taking the benefit of the honest debtors' act, &c.

At the Term of the Court to which the *ca. sa.* was returnable, counsel for Elam, moved the Court to dismiss it, upon the following grounds, viz.:

1st. Because the *fi. fa.* was fully paid off before the *ca. sa.* issued.

2d. Because the *ca. sa.* issued for the use of the plaintiff against all the defendants.

3d. Because there was no *judgment* against the securities, Wooten and Harrell.

4th. Because the parties being sued jointly, final process must issue against them jointly, and not severally.

5th. Because final judgment cannot be entered up against one of the defendants for the use of two others.

6th. Because Wooten and Harrell having paid off the *fi. fa.*, and that too, without any *judgment* against them, gave them no right to a *ca. sa.* against Elam, but their remedy was an action at law.

The Court refused to dismiss the *ca. sa.*, but allowed plaintiff to amend the judgment, so as to conform to the declaration and *fi. fa.*

And Elam, the principal, having failed to appear as conditioned in his said bond, the Court adjudged said bond forfeited, and gave judgment against him and his security, Yarborough, for the full amount of the principal, interest and cost of the original *fi. fa.*

To all of which rulings, decisions and judgment, Elam by his counsel excepted and assigns error thereon.

W. D. ELAM and JNO. A. TUCKER, for plaintiff, in error.

HAWKINS, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

A main question in this case is, whether the sureties, after paying off the *fi. fa.* had the right to return it, and take out a *ca. sa.*

It was not insisted for the sureties, that the common law gave them such a right.

Nor was it insisted that any statute did, if the statutes were to be taken literally. And it is manifest from a bare reading of the statutes on the subject, that not one of them, if so taken, does. *See the statutes. Cobb's Dig.* 592, 593, 594, 595, 597, 598, 599, 600.

The Act of 1845, might have given such a right, if it had not been confined to cases that had occurred before its passage.

Such a right then, not having been given by the common law, or by any statute, if the statutes, be construed by their letter, the question, is whether a liberal construction ought to be applied to the statute, so as to make them, or some of them, give the right.

And we think not.

The common law leans towards that construction of all statutes, which is in favor of personal liberty, not that which is against personal liberty.

And our own constitution contains a section in these words: "The person of a debtor, where there is not a strong presumption of fraud, shall not be detained in prison after delivering *bona fide* all his estate, real and personal, for the use of his creditors, in such manner as shall hereafter be regulated by law." *Cobb's Dig.* 1125.

We think, therefore, that none of the statutes can admit of a construction that would have given the right to these sureties, to return the *fi. fa.* and take out the *ca. sa.*, consequently, we think that the *ca. sa.* was void; and therefore, that the Court below erred in not sustaining the motion to dismiss it on the ground that it was void.

It is needless to consider the other grounds of the motion.

Judgment reversed