WILLIAM AKRIDGE *et al.*, plaintiffs in error, *vs.* L. A. PA-TILLO, defendant in error.

(BY TWO JUDGES.)—1. Where a controversy is submitted to arbitration, under the Code, and the arbitrators and parties have several meetings, at the first of which only two of the arbitrators are present, and no objection is made by either party at the time to the absence of third arbitrator, it is too late, on motion to make the award the judgment of the Court, to object to such motion on the ground of the absence of the third arbitrator from the first meeting, especially where the arbitrators were unanimous.

2. Where numerous objections are filed to an award, on the ground that the award was the result of accident, or mistake, or fraud of some one or all of the arbitrators or parties, or is otherwise illegal, all of which objections are, in effect, objections because the award is contrary to evidence, or the weight of evidence, the testimony submitted to the arbitrators should be before this Court to enable it to pass intelligently upon the objections made. Nor will the fact that the objections were demurred to for insufficiency dispense with this. 20th February, 1872.

Waiver. Arbitration and Award. Before Judge DAVIS. Walton Superior Court. August Term, 1871.

For the facts see the opinion.

CLARK & PACE, by E. P. HOWELL, for plaintiffs in error.

WALKER & McDANIEL; J. A. BILLUPS, for defendant.

MONTGOMERY, Judge.

The parties in this case having been partners, got into a controversy as to the settlement of their accounts, and submitted their differences to arbitration, under the Code. At

the first meeting of the arbitrators, all parties were present except the umpire. The parties, nevertheless, proceeded with their case before the two arbitrators present, without objection. There were several meetings, at all but the first of which all of the arbitrators were present. An unanimous award was rendered against the plaintiffs in error for about $2,000 00, and when it was attempted to make the award the judgment of the Court, they filed some eighteen objections, to which the opposite party demurred. The Court sustained the demurrer as to all but two of the objections, and these were passed upon by a jury, who sustained the award, except as to one item, not material to the consideration of the case as presented before us. To the judgment of the Court sustaining the demurrer, counsel for plaintiffs in error except. The first objection to the award is the absence of the umpire at the first meeting. All the other objections, now before us, are, in effect, objections to the finding of the arbitrators, as against the evidence adduced to them. None of that evidence is before the Court; no brief of it accompanying the record, in any shape.

As to the first objection, we think it comes too late after the party has taken all the chances of an award in his favor, and makes no objection until the award is found to be against him, he having consented to go on before the two arbitrators, at their first meeting. Nor can we consider, intelligently, the other objections, in the absence of the evidence upon which the arbitrators founded their award.

" It is going very far, under the authorities, to permit any attack upon an award, on the ground that it is contrary to the evidence, but whilst we, nevertheless, have gone thus far, we think the case must be a very strong one—one that shuts the Court up to the inference of fraud and gross mistake," to justify the setting aside of an award on this ground: *Tomlinson vs. Hardwick*, 41 Ga. R., 547.

" It is not sufficient to state, generally, that the award was against the weight of evidence, or without evidence, unless

the evidence submitted to the arbitrators is set forth and specified :" *Sharpe & Brown vs. Loyless,* 39 Ga. R., 7.   And can we infer that the arbitrators have been guilty of fraud or gross mistake in finding contrary to the evidence, without that evidence before us ?

Nor does the fact that a demurrer has been filed dispense with the evidence.   " If there be any evidence to sustain the award, the exceptions will be demurrable :" 41 Ga. R., 547. In the absence of all the evidence, we cannot presume the arbitrators had none to sustain their award.

We sustain the ruling of the Court below in the judgment pronounced from the bench.   See head notes.