A89A1045. JAMISON v. WEST et al.
(382 SE2d 170)

DEEN, Presiding Judge.

This is the second appeal evolving from arbitration proceedings between Jamison and West in a contract dispute over Jamison's architectural services. See *West v. Jamison,* 182 Ga. App. 565 (356 SE2d 659) (1987). "[T]he award was based upon the total [contract] fee of $36,000, plus a termination fee of $1,800, contractually provided interest at [1.5] percent for eight months in the amount of $3,979.59, and arbitration costs in the amount of $863.26 less the prepayment of $4,636.77 for additional services [for a total of] $38,006.08." Id. at 566-567. This court affirmed the arbitrator's award in part and reversed that portion awarding Jamison 100 percent of the agreed value of the services, since only 80 percent of those services had been performed. It was further held that the judgment could bear interest from the date of judgment only on the principal sum, not on the interest found to be due at the date of the judgment, and the case was remanded to the superior court for appropriate action consistent with the decision and the provisions of OCGA § 9-9-93 (d). Id. at 569.

The superior court issued a judgment on remittitur vacating and setting aside that part of the arbitration award previously entered pertaining to the award of 100 percent of the fee. It ordered the same

arbitrator to rehear the case "upon the sole issue as to whether [Jamison] should be awarded 100% of the fee for architectural services provided in the contract . . . [in order to] determine the percentage of services performed and amend the award as necessary to effect the percentage of services performed. The Arbitrator shall also consider the question of whether or not any other portion of the award should be amended based solely upon his findings of the percentage of services performed, and the new award should reflect those changes, if any." The judgment further decreed that the costs of the action be taxed to Jamison and that West recover $429.69 from him as expenses for the defense and appeal of the case.

The arbitration hearing was held as ordered, resulting in a second award to Jamison of $25,964 or 80 percent of the original contract amount, plus the five percent termination fee, less the prepaid amount and "interest on that amount at 1.5% per month from January 25, 1985, until the award is paid pursuant to . . . the contract." West moved in superior court to vacate this award pursuant to OCGA § 9-9-93 (b) (3), contending that the arbitrator had overstepped the bounds of his authority in the content of the amended award, while Jamison filed a motion to confirm the award. Some months later the superior court, after review of the award and considering arguments of the parties, ratified and confirmed the second award of the arbitrator. However, it vacated that portion providing for payment of interest from January 25, 1985, "to the exten[t] that such award would, or could, be interpreted to provide for interest at such rate beyond the date of the arbitrator's original award, October 3, 1985, on the ground that such an interpretation would be an overstepping by an arbitrator of authority."

Jamison appeals, asserting that the judgment does not conform to the award or to the requirements of OCGA §§ 9-11-31 and 9-11-32. In particular, he complains that the superior court erred in (1) modifying the award to delete interest beyond the date of the original award and in not providing for pre-judgment and post-judgment interest; (2) in taxing costs against him in the judgment on remittitur and in taxing costs equally between the parties; and (3) in not amending the judgment to allow him to recover litigation expenses.

1. We note at the outset that the cited Code sections merely provide suggested drafting guides for preparing judgments, which deal with form rather than substance and in no way make appellant's entitlement to interest or costs obligatory.

2. The arbitrator's original award of contractually computed interest for a period of eight months was not disturbed and thus was affirmed in *West v. Jamison*, supra. That case also held that post-judgment interest at the rate of 12 percent was "inherent in the judgment" whether or not specifically mentioned by the superior court, as

under OCGA § 7-4-12 "all judgments bear interest from date of rendition and it is immaterial that the verdict or judgment does not provide for future interest. [Cits.]" Id. at 569. Since the original award of eight months' interest was not reversed or set aside on appeal it was conclusive between the parties. OCGA § 9-12-40. Furthermore, the sole issue to be determined on remand was whether Jamison should have been awarded 100 percent of the fee for the architectural services performed; thus the arbitrator was without authority to revise the award of pre-judgment interest.

3. The superior court has discretion under OCGA § 9-9-97 (b) to "reduce or disallow any fees or expenses it finds excessive or may allocate them as justice requires." Having been successful in his claim on appeal that the arbitrator overstepped his authority in awarding Jamison 100 percent of his fee, West was entitled to a judgment for the amount of costs in the appellate court against the appellee, as provided by OCGA § 5-6-5, and "the superior court had original and concurrent jurisdiction to pass upon the matter." *Sweat v. Ehrensperger*, 100 Ga. App. 58, 59 (109 SE2d 889) (1959). See also *Stone Mtn. Mem. Assn. v. Stone Mtn. Scenic R.*, 232 Ga. 92 (1) (205 SE2d 293) (1974). The superior court was also fully authorized by OCGA § 9-9-97 (b) to allocate any costs by ordering them to be taxed equally between the parties. Accord *Gold Kist v. Williams*, 174 Ga. App. 849 (4) (332 SE2d 22) (1985), affirming the trial court's discretion to split costs equally between the parties under OCGA § 9-11-54 (d).

4. Jamison's recovery of expenses of litigation for "bad faith" pursuant to OCGA § 13-6-11 is precluded by his failure to initiate this issue by special pleading and prayer therefor. His demand for such damages was first raised by a "Petition for Amendment to Judgment" filed subsequent to the rendition of final judgment. Under the statute, it is a matter for jury determination as to whether such damages are warranted. See *Jackson v. Brinegar, Inc.*, 165 Ga. App. 432 (2) (301 SE2d 493) (1983). Thus the question of bad faith could and should have been properly pleaded and considered in the first arbitration hearing. OCGA § 9-12-40. Cf. *Brookins v. Brookins*, 257 Ga. 205 (1) (357 SE2d 77) (1987). We find no reason to reverse the judgment for any of the reasons assigned.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED MAY 3, 1989.

Jim Jamison, *pro se.*
C. George Newbern, for appellees.