## A89A2280. HUGHES & PEDEN, INC. v. BUDD CONTRACTING COMPANY, INC.

(388 SE2d 753)

DEEN, Presiding Judge.

Appellant seeks review of a superior court order denying a motion for confirmation of an arbitration award and granting an opposing motion to vacate the arbitration award. This dispute arose from a construction contract dated April 10, 1987, and is therefore governed regarding arbitration by OCGA § 9-9-80 et seq.

Subcontractor Budd Contracting Company, Inc. (Budd), filed a demand for arbitration, seeking from contractor Hughes & Peden, Inc. (Hughes), an unpaid contract balance, attorney fees, and litigation expenses. Hughes answered the arbitration demand, denying any indebtedness, and counterclaimed for excess completion costs, attorney fees, and litigation costs. Subsequently, Budd filed the case sub judice in the Superior Court of DeKalb County, alleging the same facts and contentions as in its arbitration demand. Hughes again answered, denying any indebtedness. By consent order litigation was stayed until completion of the arbitration.

The arbitrator's award was entered in favor of Hughes on all issues. Subsequently, in response to a request by Budd concerning whether attorney fees were awarded, the arbitrator affirmed his earlier award, stating that attorney fees were included in the award. Thereafter, Budd filed a motion to vacate the arbitrator's award, while Hughes filed a motion to affirm the award. The trial court entered an order requiring the arbitrator to specify the constituent elements of his original award of October 19, 1988. The arbitrator complied by issuing a third confirmation of the award, and the opposing parties made motions to vacate and confirm the third version of the award. This appeal is from the trial court's ruling on these motions in regard to the third version of the award. Enumerated as error are certain rulings regarding the validity of the March 14, 1989, award; the applicability of certain statutes to the facts of the instant case; and the interpretation of those statutes when applied to the instant case. *Held*:

Regardless of whatever inconsistencies and ambiguities exist in the procession of awards by the arbitrator, it is clear that the arbitrator's award of $6,000 attorney fees was a violation of OCGA § 9-9-97, which the superior court interprets as prohibiting the award of attorney fees except when the arbitration agreement provides otherwise. We find no mention of attorney fees in the agreement sub judice. Our reading of this Code section is stricter than that of the trial court and would forbid the award of attorney fees regardless of what the agreement might provide.

Under either interpretation, however, the award in the case sub

judice was not authorized, the arbitrator having predicated the award on, consents supposedly arising from briefs of the parties which are not a part of the record before us; and, the arbitrator having imperfectly executed the award, vacating it was proper under OCGA § 9-9-93 (b) (3). Appellant's suggestion that the superior court should have merely modified the award under OCGA § 9-9-94 (b) is ill-founded, since none of the three circumstances in which modification is appropriate is shown to exist in the case sub judice.

After reviewing both the complex facts of this case and the applicable law, we find no error in any of the challenged rulings of the trial court, and consequently no merit in any of appellant's enumerations.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED NOVEMBER 22, 1989.

*Mark W. Crouch*, for appellant.

*Griffin, Cochrane, Marshall & Elger, Lee C. Davis, Drew, Eckl & Farnham, T. Bart Gary*, for appellee.

