A90A0832, A90A0833. TREND-PAK OF ATLANTA, INC. v. ARBOR COMMERCIAL DIVISION, INC.
(397 SE2d 592)

SOGNIER, Judge.

These appeals arise out of two actions filed concerning a construction arbitration award. Trend-Pak of Atlanta, Inc., the project owner, and Arbor Commercial Division, Inc., the contractor, agreed to submit their dispute arising out of the construction of a building to binding arbitration. After the arbitrator rendered an award of $17,000 in favor of Arbor, it filed an action to enforce the award. Trend-Pak moved to vacate the award and also filed a separate action to vacate the award. We have consolidated Trend-Pak's appeal in Case No. A90A0832 from the trial court's confirmation of the arbitration award and Trend-Pak's appeal in Case No. A90A0833 from the denial of its application to vacate the award.

1. In two enumerations appellant contends the trial court should have either vacated the arbitrator's award or resubmitted the case to the arbitrator for rehearing on the issue of damages. Appellant does not challenge the facial validity of the award, but instead maintains that the brief appellee filed with the arbitrator indicated that a portion of appellee's damages calculation included damages for work not encompassed by the construction contract, but the arbitrator did not expressly reject those damages in the award. Accordingly, appellant contends, the arbitrator's award was so vague and indefinite that it could not be determined whether the award included the impermissible damages, and thus the award should be vacated pursuant to OCGA § 9-9-13 (b) (3) because the arbitrator either overstepped his authority or rendered such an imperfect award that a final and definite award was not made. However, the arbitration hearing was not transcribed, and thus there is no record of the evidence adduced at the arbitration hearing for us to review to determine the merits of appellant's enumerations. "Where the appellant fails to bring up a transcript or otherwise meet his burden of affirmatively showing error by the record, the judgment will not be disturbed. (I)t is well established that (a) brief cannot be used in lieu of the record or transcript for adding evidence to the record." (Citations and punctuation omitted.) *Brown v. Thomas*, 191 Ga. App. 679, 680 (1) (382 SE2d 656) (1989). Accordingly, as appellant presented no evidence in support of these enumerations other than arguments in its briefs and references to statements made in appellee's briefs, we must assume that the trial court's ruling confirming the arbitration award was correct. Id.; see *Akridge v. Patillo*, 44 Ga. 585 (1872).

Moreover, there is no requirement that the arbitrator's award include specific findings or reasons absent a request by the parties under OCGA § 9-9-39 (a), or that the award "expressly address each and every issue and collateral issue arising in an arbitration." *Cotton States &c. Ins. Co. v. Nunnally &c. Co.*, 176 Ga. App. 232, 234 (2) (335 SE2d 708) (1985). Nor do we find any ambiguity or indefiniteness on the face of the award. Accordingly, we affirm the judgment of the trial court.

2. Appellant also contends the trial court erroneously granted appellee's motion to strike two affidavits appellant filed after the scheduled hearing date on the parties' claims. The record reveals that a hearing on both cases was scheduled for June 23, 1989, but at the call of the case counsel waived argument and agreed to submit briefs in support of their respective motions. Appellant then filed a brief on June 30 that included two affidavits. The trial court granted appellee's motion to strike the affidavits because they were not filed with appellant's motions or within one day before the hearing as required by OCGA § 9-11-6 (d) and no extension of time was sought.

We find no error. While the trial court is vested with discretion to consider affidavits not timely filed, the refusal to exercise that discretion is not error. *Williamson v. Sunshine Oil Co.*, 176 Ga. App. 661, 662 (1) (337 SE2d 441) (1985). Further, we note that no harm resulted to appellant from the court's grant of the motion to strike because the affidavits were addressed to matters that could not be reviewed by the court in the absence of a transcript.

3. Appellee has moved this court to assess a penalty for frivolous appeal in accordance with OCGA § 5-6-6 because these appeals were interposed solely for delay. Although the question is a close one given the circumstances, we nevertheless decline to assess a penalty.

*Judgments affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 19, 1990 —
REHEARING DENIED OCTOBER 3, 1990 — ▮▮▮▮▮▮▮▮▮

*Johnson & Ward, Baxter P. Jones*, for appellant.
*Levine & D'Alessio, Morton P. Levine*, for appellee.