A90A1069. WALTON ACOUSTICS, INC. v. CURRAHEE
CONSTRUCTION COMPANY, INC.
(399 SE2d 265)

POPE, Judge.

This is an appeal from the trial court's grant of the motion of Currahee Construction Company, Inc. (Currahee) to vacate an arbitration award. Walton Acoustics, Inc. (Walton) and Currahee had entered arbitration pursuant to a construction contract between them. The arbitrator awarded Walton $13,756.47 on the contract, $728.81 in attorney fees and $305.61 administration fees and expenses. Currahee moved the trial court to vacate the award on the basis that it improperly included attorney fees. *Held:*

We affirm. OCGA § 9-9-97 (a) provides: "Unless otherwise pro-

vided in the agreement to arbitrate, the arbitrators' expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award." In *Hughes & Peden, Inc. v. Budd Contracting Co.*, 193 Ga. App. 656 (388 SE2d 753) (1989), this court held that attorney fees are not recoverable in an arbitration action. Walton argues that attorney fees are recoverable under OCGA § 13-6-11. We disagree. OCGA § 9-9-97, enacted in 1978, controls over OCGA § 13-6-11 because it is the later expression of the legislature on the subject of attorney fees in this context. "The courts are to be guided by the last expression of the General Assembly on a subject." *Board of Trustees v. Christy*, 246 Ga. 553, 555 (272 SE2d 288) (1980). We do not find persuasive Walton's argument that *Jamison v. West*, 191 Ga. App. 431 (4) (382 SE2d 170) (1989), stands for the proposition that attorney fees pursuant to OCGA § 13-6-11 may be recovered in an arbitration action, if timely and properly pleaded. Rather, we hold that *Jamison* stands only for the proposition that expenses, but not attorney fees, may be recovered. We note specifically that the pertinent portion of OCGA § 9-9-97 (a) allows recovery of "other expenses" incurred in the conduct of the arbitration.

Nor can we agree that the trial court has the power simply to set aside the award of attorney fees and confirm the remaining award. As logical as this would be, the statutory scheme does not permit it. OCGA § 9-9-93 (b) (3) provides that an award may be vacated if the arbitrator oversteps his authority, as was done in this case. The dissent's reliance on OCGA § 9-9-97 (b) is misplaced. That Code section allowed the trial court to reduce or disallow fees or expenses it found excessive. However, to qualify as "excessive" the fees or expenses must have been authorized. Attorney fees were not authorized. This is the reason OCGA § 9-9-97 (b) is not discussed in *Hughes & Peden*, supra. In following the mandate of *Hughes & Peden*, supra, the trial court properly set aside the entire award.

*Judgment affirmed. Deen, P. J., McMurray, P. J., Banke, P. J., and Cooper, J., concur. Carley, C. J., Birdsong, Sognier and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

I agree that attorney fees are not awardable in this case. However, the trial court erred in vacating the award "in its entirety" and remanding the case to the AAA "to begin anew with a new arbitrator."

OCGA § 9-9-97 governs "other expenses" involved in this dispute. Subsection (a) expressly precludes counsel fees. Subsection (b) provides that "[u]pon application, the court may reduce or disallow any fees or expenses it finds excessive or may allocate them as justice

requires." Currahee moved to vacate the award. This subsection by its terms contemplates broad authority of the court over "arbitrators' expenses and fees" and "other expenses" of the arbitration, even allowing its own allocation based on its own discretion. As to these specific incidental items alone, it is not restricted to vacating the award under OCGA § 9-9-93 nor limited to the strictures of its subsection (b). The court in *Hughes & Peden, Inc. v. Budd Contracting Co.*, 193 Ga. App. 656 (388 SE2d 753) (1989), did not rule on the applicability of OCGA § 9-9-97's subsection (b).

Although this broader authority was eliminated in 1988, see OCGA § 9-9-17, it was extant in this case. It empowers the court to disallow the counsel fees as excessive because Walton is entitled to zero attorney fees. This the court should have done, as a matter of law.

It is wasteful and serves neither justice nor any useful purpose to send the whole matter back, for rearbitration with a new arbitrator and new potential applications to the trial court and a new appeal, when the law is clear.

I am authorized to state that Judge Birdsong and Judge Sognier join in this dissent.

DECIDED NOVEMBER 20, 1990.

*Smith & Fleming, Richard J. Storrs*, for appellant.
*Cornwell, Church & Healy, James E. Cornwell, Jr.*, for appellee.

