**CECO CONCRETE CONSTRUCTION, A DIVISION OF ROBERTSON–CECO CORPORATION, Plaintiff,**

v.

**J.T. SCHRIMSHER CONSTRUCTION COMPANY, INC., Defendant.**

**J.T. SCHRIMSHER CONSTRUCTION COMPANY, INC., Plaintiff,**

v.

**CECO CONCRETE CONST., A DIVISION OF THE ROBERTSON–CECO CORPORATION, Defendant.**

Nos. 1:92–cv–140–CAM, 1:92–cv–359–CAM.

United States District Court, N.D. Georgia, Atlanta Division.

June 2, 1992.

Randall Frederick Hafer, Robert Clinton Chambers, Smith Currie & Hancock, Atlanta, Ga., for plaintiff.

Thomas Bart Gary, April Rich, Drew Eckl & Farnham, Atlanta, Ga., for defendant.

## ORDER

MOYE, District Judge.

In these consolidated cases Ceco Concrete Construction Company seeks to have an arbitration award confirmed; Schrimsher Construction Company seeks to have it vacated.

It is conceded that the arbitration under the construction contract rules of the American Arbitration Society involved a

dispute relating to a construction contract involving interstate commerce within the meaning of the Federal Arbitration Act, 9 U.S.C. section 1 *et seq* (Brief of J.T. Schrimsher Construction Company, Inc., in support of its motion to dismiss plaintiffs complaint and application for confirmation of award of arbitrators, filed February 24, 1992, pp. 4–5). Thus "federal law applies to all questions of interpretation, construction, validity, revocability and enforceability" (underscoring added), *Coenen v. R.W. Pressprich & Co.*, 453 F.2d 1209, 1211 (C.A.2, 1972), cert. den. 406 U.S. 949, 92 S.Ct. 2045, 32 L.Ed.2d 337. "In deciding the question of arbitrability, the federal policy [is] to construe liberally arbitration clauses to find that they cover disputes reasonably contemplated by their language, and to resolve doubts in favor of arbitration," *Coenen, supra,* 453 F.2d at 1212, citing *Metro Industrial Painting Corp. v. Terminal Construction Co.,* 287 F.2d 382, 385 (2d Cir., 1961).

Schrimsher argues first in support of its motion to dismiss and application to vacate, that it was entitled to a postponement of the arbitration proceeding because otherwise it would likely be exposed to the possibility of conflicting results with the owner on the one hand and Ceco on the other (Schrimsher's application to vacate arbitration award, par. 19). The thrust of this argument is that, at the time of the arbitration proceeding, cleanup "costs to correct Ceco's defective work were still being incurred and the issue of delay damages as between Schrimsher and Ceco could not reasonably be determined until that same issue had been resolved between Schrimsher and the owner, Auburn University" (application to vacate, par. 17).

█ 9 U.S.C. section 10(a) provides that an arbitration award may be vacated.

" * * * (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown ..."

The Court does not believe such a situation has been shown here. By its motion to vacate Schrimsher effectively was seeking a stay of proceedings pending determination of a related proceeding. Such right to a stay does not exist under the Federal Arbitration Act. *Volt Info. Sciences v. Leland Stanford Jr. University,* 489 U.S. 468, 470, 109 S.Ct. 1248, 1250–1251, 103 L.Ed.2d 488 (1988).[1]

█ The granting or denying of an adjournment or postponement falls within the broad discretion of appointed arbitrators. *Nyall Storey v. Searle Blatt Ltd.,* 685 F.Supp. 80, 82 (S.D.N.Y., 1988) citing *Fairchild and Co. v. City of Richmond et al.,* 516 F.Supp. 1305, 1313 (D.D.C., 1981), and *Dan River Inc. v. Cal-togs, Inc.,* 451 F.Supp. 497, 503–504 (S.D.N.Y.1978). Thus, assuming a reasonable basis for the arbitrators' considered decision not to grant a postponement, the Court will be reluctant to interfere with the award on these grounds. *Fairchild and Co., supra,* at 1313–1314. Although the arbitrators here did not articulate the basis upon which they denied the requested postponement, the Court believes that decision was not unreasonable, and certainly not the product of misconduct. The Court believes that the postponement to permit completion of related administrative proceedings involving only Schrimsher and the owner, if proper at all, was unnecessary. The Court believes all the questions presented under the agreement to arbitrate all disputes with respect to the underlying construction contract, could be decided in the proceeding involving only Schrimsher and Ceco. Schrimsher says it believes some of the delay damages may had been the responsibility of the owner, and if Ceco was damaged thereby that the construction agreement provided that Schrimsher would act as Ceco's conduit to present such claims to the owner. But Ceco claimed only that such damages as it sought were Schrimsher's fault. Had Schrimsher proven in the arbitration proceeding (in which it fully participated, albeit under protest), that the

---

1. *Volt* held that where the parties agreed that their arbitration agreement would be governed by the law of California, application of a provision in the California Arbitration Act would not be preempted by federal law (489 U.S. at 470, 109 S.Ct. at 1250–1251).

delays where the owner's fault, not Schrimsher's, presumably the arbitrators would have so found, and presumably their award is of damages solely attributable to Schrimsher. Thus, having in mind the purpose of Congress to afford participants to arbitration agreements a prompt, economical and adequate solution of their problems through arbitration if the parties are willing, as here, to accept less certainty of legally correct adjustment, the arbitrators were entirely correct in their decision to refuse postponement pending determination of the related administrative proceedings.

As to Schrimsher's claim that it was continuing to incur costs related to the matters being arbitrated, the Court notes that when the arbitrators were asked to reconsider their refusal to postpone, they informed the parties that, "Should the panel find in favor of Schrimsher in all or in part, the hearings will remain open for a reasonable time for Schrimsher to conclude its case." Letter from American Arbitration Association to the attorneys for the parties dated October 18, 1991.

Schrimsher's other objection to the award is that it included an amount for attorneys fees, which Schrimsher asserts was beyond the competence of the arbitrators. This position is based upon two opinions by the Court of Appeals of the State of Georgia, *Hughes and Peden, Inc. v. Budd Contracting Company, Inc.*, 193 Ga.App. 656, 388 S.E.2d 753 (1989) and *Walton Acoustics, Inc. v. Currahee Construction Co. Inc.*, 197 Ga.App. 659, 399 S.E.2d 265 (1990).

The subcontract between the parties provided:

"(42) In any action or proceeding brought to enforce any of the provisions of this contract, prevailing party shall recover the cost thereof, including reasonable attorneys fees from the other party."

In the arbitration submission, both parties (Schrimsher as well as Ceco) claimed for attorneys fees.

■ In proceedings under the Federal Arbitration Act, an arbitration award lawfully may include an award of attorneys fees if the underlying agreement between the parties so provides. *Ierna et al. v. Arthur Murray International, Inc., et al.*, 833 F.2d 1477, 1476 (CA 11, 1987).

■ *Hughes and Peden, Inc., supra,* and *Walton Acoustics, Inc., supra,* are simply inapplicable to this case. The opinions in both of those cases purport to construe the Georgia Arbitration Act O.C.G.A. § 9–9–97. In both cases it appeared that there was no provision for an award of attorneys fees in the underlying agreement, and therefore the decisions themselves are not inconsistent with what this court has stated above. Those cases, however, construed O.C.G.A. 9–9–97 to preclude the award of attorneys fees even if agreement therefor was included in an underlying agreement. O.C.G.A. 9–9–97 provides:

"Unless otherwise provided in the agreement to arbitrate, the arbitrators' expenses and fees together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award."

While the question of what the initial clause of 9–9–97 modifies is certainly debatable, it is clearly within the competence of the Georgia appellate courts to settle that debate as to cases subject to the Georgia Arbitration Act. Once it is found (as presumably was *not* the case in *Hughes and Peden, Inc., supra,* and *Walton Acoustics, Inc., supra*) that the underlying contract involves interstate or foreign commerce or a maritime transaction, the Federal Arbitration Act preempts the field. *R.W. Pressprich & Co., supra.* Whatever court or tribunal, state or federal, is applying the law must then resort to the Federal Arbitration Act and the body of Federal common law construing it. That is the case here.

The arbitration award, copy of which is attached hereto, is confirmed and made the judgment of this Court with interest as allowed by law, and costs, to Ceco.

SO ORDERED.

*MEDIATION. Please consult the Construction Industry Mediation Rules regarding mediation procedures. If you want the AAA to contact the other party and attempt to arrange a mediation, please check this box.* ☐

# CONSTRUCTION INDUSTRY ARBITRATION RULES
## DEMAND FOR ARBITRATION

DATE: _June 4, 1991_

TO: (Name) __J.T. Schrimsher Construction Company, Inc.__
(of party upon whom the demand is made)

(Address) __c/o Randall F. Hafer, Esq., Smith, Currie & Hancock__

(City and State) __2600 Harris Towers, 233 Peachtree St., N.E., Atl.,__
Ga. 30043

(Telephone) __(404) 521-3800__

Named claimant, a party to an arbitration agreement contained in a written contract,

dated __June 4, 1991__, providing for arbitration under the Construction Industry Arbitration Rules, hereby demands arbitration thereunder.

(Attach arbitration clause or quote hereunder.)

SEE EXHIBIT A, attached hereto.

NATURE OF DISPUTE:

SEE EXHIBIT B

CLAIM OR RELIEF SOUGHT: (amount, if any)

SEE EXHIBIT B

Please indicate industry category for each party.

Claimant:

☐ Owner ☐ Architect ☐ Engineer ☐ Contractor ☒ Subcontractor, Specify __Concrete__ form

Other _____

Respondent:

☐ Owner ☐ Architect ☐ Engineer ☒ Contractor ☐ Subcontractor, Specify _____.

Other _____

HEARING LOCALE REQUESTED: __Atlanta, Georgia__
(City and State)

You are hereby notified that copies of our arbitration agreement and of this demand are being filed with the American Arbitration Association at its __Atlanta, Georgia__ regional office. with the request that it commence the administration of the arbitration. Under Section 7 of the arbitration rules, you may file an answering statement within seven days after notice from the administrator.

Signed _____ (may be signed by attorney) Title __Attorney__

Name of Claimant __Ceco Concrete Construction, a divisi__

AMER... AN ARBITRATION ASSOCIATION, ADMI... STRATOR

CONSTRUCTION ARBITRATION TRIBUNAL

In the Matter of the Arbitration between

CECO CONCRETE CONSTRUCTION, A DIVISION
OF ROBERTSON CECO CORP.

and                                        AWARD OF ARBITRATORS

J. T. SCHRIMSHER CONSTRUCTION COMPANY, INC.

CASE NUMBER: 30 110 0115 91

WE, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the Arbitration Agreement entered into by the above-named Parties, and dated June 4, 1991 and having been duly sworn and having duly heard the proofs and allegations of the Parties, AWARD, as follows:

Having considered all claim(s) and counterclaim(s), J.T. SCHRIMSHER CONSTRUCTION COMPANY, INC. shall pay to CECO CONCRETE CONSTRUCTION the sum of TWO HUNDRED THIRTY-EIGHT THOUSAND THREE HUNDRED THREE DOLLARS AND ONE CENT ($238,303.01) within thirty (30) days from the date of this award. After thirty (30) days interest shall accrue at the rate of six (6%) percent per annum until paid.

J. T. SCHRIMSHER CONSTRUCTION COMPANY, INC. shall pay to CECO CONCRETE CONSTRUCTION the sum of FORTY-NINE THOUSAND NINETY-FOUR DOLLARS AND SEVENTY-SEVEN CENTS ($49,094.77) in attorney's fees.

The administrative fees and expenses of the AMERICAN ARBITRATION ASSOCIATION shall be borne by J. T. SCHRIMSHER CONSTRUCTION COMPANY, INC. The compensation and expenses of the ARBITRATORS shall be borne by J. T. SCHRIMSHER CONSTRUCTION COMPANY, INC. Said fees and expenses shall be paid as directed by the Association.

This Award is in full settlement of all claims submitted to this arbitration.

CARROLL L. CROWTHER, ARBITRATOR
12/ // /91

E. TURNER COLLINS, ARBITRATOR
12/1 /91

ROSS A. MALONE, JR. ARBITRATOR
12/ 1\ /91

Petitioner's
Exhibit N