A92A1096. HOPE & ASSOCIATES, INC. v. MARVIN M. BLACK COMPANY.
(422 SE2d 918)

CARLEY, Presiding Judge.

Appellant appeals from an order of the superior court confirming an arbitration award in favor of appellee.

1. The arbitration award provided for appellee's recovery of attorney's fees. Appellant urges that, as a matter of law, attorney's fees cannot be awarded in arbitration proceedings.

"In Georgia, attorney['s] fees are recoverable only when authorized *by statute or by contract.* [Cit.]" (Emphasis supplied.) *City of Lawrenceville v. Heard*, 194 Ga. App. 580, 583 (2) (391 SE2d 441) (1990). There is no Georgia statute specifically authorizing the recovery of attorney's fees in arbitration proceedings. However, the contract between appellee and appellant *did* specifically provide for the recovery of attorney's fees by the "prevailing party" in arbitration proceedings. "The parties to a contract may establish by its terms any subject matter in which they have an interest so long as it is not prohibited by statute or public policy. . . ." *Seaboard CLR Co. v. Freight Delivery Svc.*, 133 Ga. App. 92, 94 (1) (210 SE2d 42) (1974). Accordingly, the issue for resolution is whether the provision regarding attorney's fees contained in appellee's and appellant's contract is prohibited by statute or public policy.

There is no general public policy against contracting for the recovery of attorney's fees. See generally *O'Brien's Irish Pub. v. Gerlew*

*Holdings,* 175 Ga. App. 162, 165 (4) (332 SE2d 920) (1985). There is no reason to suggest that a contract for the recovery of attorney's fees in arbitration proceedings would be violative of public policy. Indeed, the public policy of this state favors enforcement of the terms of an arbitration agreement. See OCGA § 9-9-3.

Appellant urges that there is a statutory prohibition on the right of parties to an arbitration agreement to contract for the recovery of attorney's fees in arbitration proceedings. "Unless otherwise provided in the agreement to arbitrate, the arbitrator's expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award." OCGA § 9-9-17 (formerly codified as OCGA § 9-9-97 (a)). By its terms, this statute does not specifically prohibit the parties from contracting for the recovery of attorney's fees in arbitration proceedings. It merely addresses the *allocation* of the expenses of arbitration *other* than attorney's fees and provides that, as to the allocation of those expenses, the award will control insofar as it is not inconsistent with the parties' agreement. Thus, in the absence of any agreement by the parties as to the allocation of expenses other than attorney's fees, the arbitrators' award as to the allocation of those expenses will control. If, however, the parties themselves have agreed to an allocation of those expenses, the parties' agreement will control notwithstanding the arbitrators' determination as to allocation. To construe OCGA § 9-9-17 as a statutory prohibition on the right of parties to contract for the recovery of attorney's fees would be to construe that provision as a statutory "restraint of the common-law right of freedom to contract. . . ." *Fireman's Fund Ins. Co. v. Pekor,* 106 Ga. 1, 13 (31 SE 779) (1898). However, "[t]he common law leans towards that construction of all statutes, which is in favor of personal liberty, not that which is against personal liberty." *Elam v. Rawson,* 21 Ga. 139, 143 (1857). Accordingly, construing OCGA § 9-9-17 according to its own terms, it does *not* purport to restrain the common-law right of freedom to contract for attorney's fees in arbitration proceedings, but merely provides for the *allocation* of expenses other than attorney's fees.

Thus, there is no statutory prohibition on the right to contract for the recovery of attorney's fees in arbitration proceedings. If the parties contract for attorney's fees, that agreement will be enforced. If the parties do not contract for attorney's fees, each party will be responsible for the payment of his own attorney's fees. To the extent that *Walton Acoustics v. Currahee Constr. Co.,* 197 Ga. App. 659 (399 SE2d 265) (1990) and *Hughes & Peden v. Budd Contracting Co.,* 193 Ga. App. 656 (388 SE2d 753) (1989) construe OCGA § 9-9-17 as a statutory restraint on the common-law right of freedom to contract, those decisions are erroneous and are hereby overruled.

2. Appellant's remaining enumeration of error requires consideration of the transcript of the arbitration hearing. The transcript of that hearing has not been provided on appeal. Accordingly, "we must assume that the trial court's ruling confirming the arbitration award was correct. [Cits.]" *Trend-Pak of Atlanta v. Arbor Commercial Div.*, 197 Ga. App. 137, 138 (1) (397 SE2d 592) (1990).

*Judgment affirmed. Sognier, C. J., McMurray, P. J., Birdsong, P. J., Pope, Andrews and Johnson, JJ., concur. Beasley and Cooper, JJ., concur specially.*

BEASLEY, Judge, concurring specially.

I concur in the decision but not in the overruling of the two cases or the statement that they are erroneous. In *Hughes & Peden v. Budd Contracting Co.*, 193 Ga. App. 656 (388 SE2d 753) (1989), the court made the point that it found "no mention of attorney fees in the agreement." Thus it correctly decided that the award of attorney fees was not authorized. It was in error, however, in stating that OCGA § 9-9-97 "would forbid the award of attorney fees regardless of what the agreement might provide." The trial court, which was affirmed even though this point was not agreed to, was correct in interpreting this Code section "as prohibiting the award of attorney fees except when the arbitration agreement provides otherwise," because there is no statutory authority for such.

*Walton Acoustics v. Currahee Constr. Co.*, 197 Ga. App. 659 (399 SE2d 265) (1990), is not erroneous either, on this point. There was no provision for attorney fees in the contract. Instead, appellant Walton cited OCGA § 13-6-11 as statutory authority for the fees awarded to it by the arbitrator. The court correctly ruled that this Code provision did not apply to arbitration proceedings which are governed by OCGA § 9-9-97. Whether the court would have agreed with the dicta in *Hughes & Peden* regarding the enforceability of a contract is problematic and subject to speculation. *Walton Acoustics* should not be overruled with respect to these issues.

I am authorized to state that Judge Cooper joins in this opinion.

DECIDED SEPTEMBER 24, 1992.

*Scott E. Tinnon*, for appellant.
*Griffin, Cochrane, Marshall & Elger, Terrence L. Croft*, for appellee.