A94A1851. AMERISPEC FRANCHISE v. CROSS et al.
(452 SE2d 188)

SMITH, Judge.

This is an appeal from an order vacating an arbitration award under the somewhat novel provisions of the Georgia Arbitration Code, OCGA § 9-9-1 et seq. Paradoxically, appellant is the party that sought to have the award vacated and, conversely, appellees are the parties who defended the award as rendered. Moreover, the court's judgment is deemed final for appeal purposes even though it is undisputed the case must be returned to the arbitrator for rehearing. OCGA § 9-9-13 (e).

Appellees Brad and Rita Cross sought arbitration against appellant Amerispec Franchise (Amerispec) for consequential damages resulting from the negligent inspection of a home ultimately purchased by the Crosses. The inspection agreement drafted by Amerispec provides, in pertinent part, that claims based on it or the resulting inspection report "shall be resolved exclusively by arbitration in compliance with the rules of the American Arbitration Association. . . . The arbitration decision shall be binding on all parties." The agreement also contains a "limit of liability" clause essentially providing that "our liability to you is limited to the fee paid for our inspection services and you release us from any additional liability." The fee paid was $150.

The arbitrator, however, awarded the Crosses $25,888, with interest after thirty days to accrue at eight percent annually until paid. Amerispec then applied to the superior court to vacate the award. OCGA § 9-9-13. The superior court vacated the award and ordered a rehearing, but *only* on the issue of the rate of interest established by the arbitrator. Because its order vacating the arbitrator's award did not grant the entire relief requested, Amerispec appeals from the judgment of the superior court. See OCGA §§ 9-9-16; 9-9-13 (e). See also *Walton Acoustics v. Currahee Constr. Co.,* 197 Ga. App. 659, 660 (399 SE2d 265) (1990), overruled on other grounds, *Hope & Assoc. v.*

*Marvin M. Black Co.*, 205 Ga. App. 561, 562 (1) (422 SE2d 918) (1992) (court may vacate arbitration award only in its entirety); *Mid-American Elevator Co. v. Gemco Elevator Co.*, 189 Ga. App. 143, 145 (1) (375 SE2d 275) (1988) (although statute mandates that entire award must be vacated, court may limit rehearing to specific issues necessitating that action).

"The function of the trial court in proceedings to confirm or vacate an arbitration award should be severely limited in order not to frustrate the purpose of avoiding litigation by resorting to arbitration." *Cotton States Mut. Ins. Co. v. Nunnally Lumber Co.*, 176 Ga. App. 232, 236-237 (4) (335 SE2d 708) (1985). OCGA § 9-9-13 (b) reflects this policy, providing that an arbitration award may be vacated due to such fundamental *procedural* defects as corruption, fraud, misconduct, partiality, overstepping of the arbitrator's authority (addressing issues not properly before the arbitrator), or imperfect execution of that authority (significant failure to fully and clearly address the issues presented). As for questions purely of substance, OCGA § 9-9-13 (d) makes clear "[t]he fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award."

1. In two enumerations of error, Amerispec argues that to justify an award in excess of the amount of the fee originally paid by the Crosses, the arbitrator either erred in his interpretation of the agreement or in allowing the Crosses to rescind the inspection agreement and sue for fraud in the inducement. The superior court found the award reflects that the limitation of liability clause was deemed void by the arbitrator. The superior court also found no evidence that the arbitrator "overstepped his authority" within the meaning of OCGA § 9-9-13 (b) (3).

"The dispute between the parties involved the meaning, interpretation and application of certain terms of the contract and these were matters for the [arbitrator] to determine. The [arbitrator] having resolved the dispute in favor of appellee[s], the trial court considered the record of the arbitration proceedings and determined that neither the contract terms nor the applicable law had been ignored by the [arbitrator]. Our review of the record reveals no error in the trial court's ruling." (Citations omitted.) *City of College Park v. Batson-Cook Co.*, 196 Ga. App. 138, 140 (395 SE2d 385) (1990).

Specifically, the parties indicate the arbitrator most likely applied OCGA § 13-8-2 (b) to their agreement, which renders unenforceable exculpatory clauses in agreements "relative to the construction, alteration, repair, or maintenance of a building structure, appurtenances, and appliances." The case now before us does not present squarely the question of whether exculpatory clauses in home inspection agreements are enforceable in light of OCGA § 13-8-2 (b);

instead, the question in this case is whether the arbitrator's determination on the matter is not only in error, but so clearly erroneous that it implicates the very integrity of the arbitrator in the exercise of his authority. OCGA § 9-9-13 (b).

This limitation on our inquiry follows from the general rule that "an arbitrator's decision must be upheld unless it is completely irrational or it constitutes a manifest disregard of the law." *Bartlett v. Dimension Designs*, 195 Ga. App. 845, 848 (395 SE2d 64) (1990), overruled on other grounds, *Pace Constr. Corp. v. Northpark Assoc.*, 215 Ga. App. 439 (450 SE2d 828) (1994). The applicability of OCGA § 13-8-2 (b) to limitation of liability clauses in home inspection agreements had not been addressed in a reported decision at the time the award was made. Moreover, OCGA § 13-8-2 (b) does not represent a model of legislative clarity. Consequently, we agree with the superior court that voiding the limitation of liability clause does not compel an inference that the arbitrator overstepped his authority. We therefore find no error in the superior court's order vacating the arbitration award but limiting rehearing to the question of the proper interest rate to be applied after 30 days if the award remains unpaid. *Mid-American Elevator Co. v. Gemco Elevator Co.*, 183 Ga. App. 88, 89 (357 SE2d 838) (1987).

2. Amerispec's remaining enumerations, to the extent not addressed in Division 1, are without merit.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED DECEMBER 2, 1994 —
RECONSIDERATION DENIED DECEMBER 16, 1994 — 

*Awtrey & Parker, M. David Harrison, J. Ben Moore,* for appellant.

*Farnham & Wheeler, David J. Farnham,* for appellees.