A96A0868. NORTH FULTON FEED, INC. v. PURINA MILLS, INC.
(472 SE2d 122)

McMURRAY, Presiding Judge.

Plaintiff North Fulton Feed, Inc. ("North Fulton") brought this contract action against defendant Purina Mills, Inc. ("Purina Mills"), alleging breach of an oral promise to deliver feed (Count 1), promissory estoppel (Count 2), and deceptive and unfair trade practices (Count 3). Defendant denied the material allegations and defended in part on the ground that North Fulton's claims are "barred by the Statute of Frauds. . . ." The trial court, "having carefully considered all matters of record in the case including all depositions and affidavits on file as well as the briefs and arguments of counsel," granted summary judgment in favor of defendant, and this appeal followed. *Held*:

In three related enumerations of error, plaintiff maintains that he has presented "evidence creating questions of fact to be determined by a jury regarding the damages suffered as a result of [defendant's alleged] breach of contract [and plaintiff's detrimental reliance]."

Plaintiff's notice of appeal directed the Clerk of the Superior Court of Fulton County only to "prepare the record for appeal to the Court of Appeals," and fails to specify whether the evidence adduced in support of and in opposition to summary judgment will be included with the record. See OCGA § 5-6-51. As transmitted to the Court of Appeals of Georgia from the Superior Court of Fulton County, Georgia, the record does not contain any of the depositions or affidavits referred to by the superior court in its order granting summary judgment to defendant. "In order for the appellate court to determine whether the judgment appealed from was erroneous, it is the duty of the appellant to include in the record those items which will enable the appellate court to perform an objective review of the evidence and proceedings." *Deen v. United Dominion Realty Trust*, 218 Ga. App. 443 (1), 444 (462 SE2d 384). " 'Where the appellant fails to bring up a transcript or otherwise meet his burden of affirmatively showing error by the record, the judgment will not be disturbed. (I)t is well established that (a) brief cannot be used in lieu of the record or transcript for adding evidence to the record.' . . . *Brown v. Thomas*, 191 Ga. App. 679, 680 (1) (382 SE2d 656) (1989). Accordingly, as [plaintiff in the case sub judice] presented no evidence in support of these enumerations other than [undocumented] arguments in its briefs and references to [matters not supported by the record as transmitted to this Court], we must assume that the trial court's ruling [granting summary judgment] was correct. Id.; see *Akridge v. Patillo*, 44 Ga. 585 (1872)." *Trend-Pak of Atlanta v. Arbor Commercial Div.*, 197 Ga. App. 137, 138 (1) (397 SE2d 592).

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED MAY 29, 1996.

*Mark P. Ellis, Guy J. Camuso, Jr.,* for appellant.
*Sell & Melton, Joseph W. Popper, Jr., Robert D. McCullers,* for appellee.