### A97A1797. GREENWAY CAPITAL CORPORATION v. SCHNEIDER.
(494 SE2d 287)

Judge Harold R. Banke.

Greenway Capital Corporation ("Greenway"), a New York-based securities company, appeals the punitive damages portion of an arbitrators' award to Jeri Schneider.

After Schneider lost $49,525, more than half the funds she entrusted to Greenway and its broker, Mark Moore, she instituted an arbitration action before the National Association of Securities Dealers, Inc. ("NASD"). Schneider's arbitration agreement with Greenway authorized the resolution of disputes by the NASD and did not limit the remedies or damages which the arbitrators could award. Schneider alleged violations by Moore and Greenway of federal security law, violations of the Georgia Securities Act (OCGA §§ 10-5-12; 10-5-14), common law fraud, breach of fiduciary duty and negligence. In the counts for breach of fiduciary duty and fraud and also in her general prayer for relief, she sought punitive damages.

During two days of hearings before the NASD panel, Schneider claimed entitlement to punitive damages against both Greenway and Moore. Greenway offered little or no evidence that it engaged in any supervision of Moore, who flagrantly disregarded Schneider's desire to invest the funds conservatively for her, a widowed schoolteacher on a limited income with three children. The NASD panel determined that Greenway and Moore were jointly and severally liable for $31,058 in compensatory damages. Concluding that Greenway exhib-

ited "such an entire want of care as to raise the presumption of a conscious indifference to the rights of the claimant [Schneider]," the arbitrators awarded Schneider $100,000 in punitive damages against Greenway pursuant to OCGA § 51-12-5.1 and to *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U. S. 52 (115 SC 1212, 131 LE2d 76) (1995). Greenway appeals the denial of its application to modify the arbitration award. *Held*:

In its sole enumeration of error, Greenway contends that in awarding punitive damages, the arbitrators "awarded on a matter not submitted to them," triggering OCGA § 9-9-14 (b) (2).[1] Greenway argues that because Georgia law prohibits punitive damages for claims based on mere negligence, the arbitrators improperly entered the award for punitive damages.

Greenway's contention that the punitive damages portion of the award cannot survive scrutiny under state law is without merit. Where there has been no agreement by the parties to be bound by state arbitration law, and where the transaction involved interstate commerce within the meaning of the Federal Arbitration Act, 9 USC § 1 et seq., state law is preempted by federal law. See *North Augusta Assoc. v. 1815 Exchange*, 220 Ga. App. 790, 791 (1) (469 SE2d 759) (1996). Whenever a superior court vacates or confirms an award obtained under the Federal Arbitration Act, that court must apply federal substantive law. *Hilton Constr. Co. v. Martin &c. Contractors*, 251 Ga. 701, 703 (308 SE2d 830) (1983). It follows that the rule set forth in *Hilton Constr. Co.*, also applies to the modification of an award, such as this one, obtained under the Federal Arbitration Act.

Under current federal law, punitive damage awards, unless expressly barred by the parties' contract, are permissible in the arbitration of federal security cases, even where expressly precluded by state law. *Mastrobuono*, supra (NASD award of punitive damages permissible under NASD's Code of Arbitration Procedures even where arbitration contract requires New York law which bars arbitral awards of punitive damages). Even assuming, for the sake of argument only, that the arbitrators awarded punitive damages for a negligence claim in derogation of Georgia law, federal arbitration law permitting such damages preempts the state law.

Because the matter was submitted to the arbitrators and was not foreclosed by the parties' binding arbitration agreement, the award must be affirmed. *Greene v. Hundley*, 266 Ga. 592, 596 (468 SE2d 350) (1996) (appellate court prohibited from weighing the evi-

---

[1] The Georgia Arbitration Code is substantially similar to the federal law which provides that an award may be modified or corrected, "[w]here the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted." 9 USC § 11 (b).

dence at arbitration); *Amerispec Franchise v. Cross*, 215 Ga. App. 669, 671 (1) (452 SE2d 188) (1994) (arbitrator's decision must be upheld unless it is completely irrational or it constitutes a manifest disregard of the law).

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 19, 1997.

*Bodker, Ramsey & Andrews, Stephen C. Andrews, David J. Maslia,* for appellant.

*Robins, Kaplan, Miller & Ciresi, Thomas J. Gallo,* for appellee.