A04A0873. CIPRIANI et al. v. PORTER.
(605 SE2d 106)

MILLER, Judge.

A superior court confirmed an arbitration award issued to Rex Porter and against Cipriani Custom Homes, Inc. (Custom Homes), but remanded to the arbitrator the question whether Custom Homes's president Edward Cipriani, Jr. was a proper party. The defendants appealed the superior court's order as defective because it confirmed only a portion of the award and because it combined its judgment and its order in the same document. We hold that the trial court should have confirmed the entirety of the arbitrator's award, and we therefore affirm the judgment against Custom Homes and reverse the trial court's remand to the arbitrator.

The record reveals that an arbitrator granted an award of $16,603, later amended to $17,353, to plaintiff Porter and "jointly and severally" against defendants Cipriani and Custom Homes. Porter had claimed that the defendants' negligent construction was the cause of sixteen flooding incidents in his basement, the first of which occurred two days after he closed on his home. Porter filed a petition to confirm the arbitrator's award in Cherokee County Superior Court.

---

[3] *Clark v. Ga. Kraft Co.*, 178 Ga. App. 884, 885-886 (345 SE2d 61) (1986).

The defendants filed a timely answer and counterclaim to the petition. Porter then moved for summary judgment. In an order granting Porter's motion for summary judgment in part, the trial court confirmed the arbitration award of $17,353 against Custom Homes as "the judgment of this Court," but remanded to the arbitrator the question whether Cipriani himself was also a proper party. On appeal, the defendants argue that the court's ruling was defective because it confirmed only a part of the arbitrator's findings and because it combined its judgment and its order confirming the award in a single document.

1. The defendants' first line of attack on the trial court's order rests on the idea that a trial court "may vacate [an] arbitration award only in its entirety." *Amerispec Franchise v. Cross*, 215 Ga. App. 669, 670 (452 SE2d 188) (1994), paraphrasing *Hope & Assoc. v. Marvin M. Black Co.*, 205 Ga. App. 561, 562 (1) (422 SE2d 918) (1992).

The defendants take this principle out of context. First, the present case arises out of Porter's petition to confirm the arbitrator's award in his favor. As Porter points out, defendants never filed a motion either to vacate or to modify that award. Instead, they chose only to answer Porter's petition to confirm, asking only that the arbitrator's award be "denied."

More important, the cases on which defendants rely uniformly sustain the integrity of the arbitration process and the power of the trial courts to enforce the results of that process. See *Hope*, supra, 205 Ga. App. at 562 (1) (affirming trial court's confirmation of award concerning attorney fees); *Amerispec*, supra, 215 Ga. App. at 670-671 (1) (affirming trial court's vacation of award for remand on interest rate to be imposed if that same award not timely paid). "[A]n arbitrator's decision must be upheld unless it is completely irrational or it constitutes a manifest disregard of the law." (Citations and punctuation omitted.) *Amerispec,* supra, 215 Ga. App. at 671. "In deciding whether to confirm or vacate an arbitration award, a trial court's role is severely curtailed so as not to frustrate the purpose of avoiding litigation." (Citations omitted.) *Gilbert v. Montlick*, 232 Ga. App. 91, 93 (1) (499 SE2d 731) (1998). "Unless one of the statutory grounds for vacating an award as set forth in OCGA § 9-9-13 (b) is found to exist," a trial court is bound to confirm the award. Id.; see *Greene v. Hundley*, 266 Ga. 592, 596-597 (3) (468 SE2d 350) (1996) (even without evidence to support it, award must be confirmed in absence of statutory basis for vacation); OCGA § 9-9-13 (b); Ga. L. 2003, p. 820, § 2 (adding arbitrator's "manifest disregard of the law" as fifth ground for vacating an award).

The defendants have sought to evade the award first rendered against them in December 2002 for far too long. The only justification for their current attack on the trial court's order, for example, is that

the arbitrator should have been allowed to make her finding against them without undue interference from the trial court. The record before us contains only one initialed page from what was apparently a five-page purchase agreement. Naturally, then, the defendants cannot and do not cite any evidence as to whether Cipriani was in fact a proper party to the arbitration. That question was squarely before the arbitrator, however, who had the benefit of defendants' brief on the question. Thus the defendants are in no position to contest the arbitrator's ruling that the defendants were jointly and severally liable. See *Ghertner v. Solaimani*, 254 Ga. App. 821, 824-825 (563 SE2d 878) (2002) (failure to request record of arbitration proceedings waives argument to vacate on the basis of records' absence).

Given the deference with which we must treat arbitration results, and noting that the record before us contains neither the original contract nor a transcript of the arbitration proceedings, we cannot say that the arbitrator was incorrect to impose joint and several liability on Cipriani and Custom Homes. *Greene*, supra, 266 Ga. at 596; see also *Scana Energy Marketing v. Cobb Energy Mgmt. Corp.*, 259 Ga. App. 216, 219 (1) (d) (576 SE2d 548) (2002) (award cannot be set aside for arbitrator's mistake of fact); *Ralston v. City of Dahlonega*, 236 Ga. App. 386, 388 (3) (512 SE2d 300) (1999) ("overstepping" of authority refers only to ruling on issues not properly before arbitrator); *Amerispec*, supra, 215 Ga. App. at 671 (1) (arbitrator's decision not "so clearly erroneous that it implicates [his] very integrity"). Accordingly, we affirm the trial court's confirmation of the award against Custom Homes and reverse the court's remand to the arbitrator.

The trial court is directed to confirm the arbitrator's award of March 19, 2003, in the amount of $17,353 against both Cipriani and Custom Homes, and to enter that award as its judgment in this case.

2. In light of our holding in Division 1, which will require the trial court to issue a new judgment order confirming the arbitrator's award in its entirety, defendants' contentions as to the defective form of the order are moot.

*Judgment affirmed in part and reversed in part with direction. Andrews, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 23, 2004.

*Dyer & Rusbridge, Robert M. Dyer*, for appellants.
*Donald J. Sharp*, for appellee.