## A89A2296. RAYMER et al. v. FOSTER & COOPER, INC.

(393 SE2d 49)

Pope, Judge.

Plaintiffs/appellants, the Atlanta Board of Education and members of the Atlanta Board of Education (hereinafter Board), entered into an agreement with defendant/appellee Foster & Cooper, Inc., pursuant to the terms of which Foster & Cooper contracted to act as general contractor for the construction of Southside Comprehensive High School in Atlanta, Georgia. The agreement contained an arbitration clause, whereby the parties agreed that any claims or disputes arising out of the project would be submitted to arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association.

Foster & Cooper filed a demand for arbitration on February 6, 1987, seeking damages in excess of one million dollars for delays and disruptions, interference with contractual relations and other costs and expenses it contended should be paid by the Board. Foster & Cooper subsequently amended its demand to include claims against the Board on behalf of its mechanical subcontractor, 3H Industries, Inc. On March 8, 1988, the Board filed its Complaint for Declaratory Judgment and Equitable Relief in the Fulton County Superior Court in which it sought a stay of the arbitration proceedings and a declaration of rights as to the effect of an agreement between Foster & Cooper and two of its subcontractors and the effect of a previous arbitration award on a portion of the claims asserted by Foster & Cooper in its demand for arbitration.

The trial court initially issued a fifteen-day restraining order enjoining Foster & Cooper from arbitrating certain of its claims. On March 21, 1988, the trial court entered an order denying without prejudice the Board's claim for injunctive relief which permitted it to reassert "the issues presented in this lawsuit at the conclusion of the arbitration process." The Board then filed a motion to the arbitration association seeking a declaration of rights as to the effect of certain agreements between Foster & Cooper and two of its subcontractors. This motion was denied and the Board filed a renewed motion for injunctive relief in the trial court. Foster & Cooper filed a motion for attorney fees contending that the filing of the renewed motion while the arbitration proceedings were pending was in violation of the trial court's previous order. On July 8, 1988, the trial court entered an order denying the Board's renewed motion for injunctive relief and granted Foster & Cooper's motion for attorney fees.

Arbitration proceedings commenced on July 18, 1988, before a panel of three arbitrators chosen in accordance with the prior agreement of the parties. After five days of hearing extensive evidence on the issues, the arbitrators rendered their decision awarding Foster &

Cooper a total of $727,796. Foster & Cooper filed a motion to confirm the arbitration award and for judgment on December 12, 1988. The Board, pursuant to an extension of time, filed its motion to vacate and or modify the award on January 11, 1989. Following a hearing, the trial court granted Foster & Cooper's motion to confirm the arbitration award and entered judgment in its favor for $727,796 with interest. The trial court dismissed the Board's complaint for declaratory judgment finding that all claims of the complaint had been determined in the arbitration proceeding. The Board filed its appeal to this court on April 18, 1989, seeking review of the trial court's order affirming the arbitration award as well as the trial court's order of July 8, 1988, assessing attorney fees against it for filing a renewed motion for injunctive relief during the pendency of the arbitration proceedings. *Held*:

1. "The standard of review of the trial court of an application to vacate an arbitrators' award made in the case of a construction contract is governed by statute. OCGA § 9-9-93 reads in pertinent part: 'The award shall be vacated on the application of a party who either participated in the arbitration or was served with a demand for arbitration if the court finds that the rights of that party were prejudiced by: (1) (c)orruption, fraud, or misconduct in procuring the award; (2) (p)artiality of an arbitrator appointed as a neutral; (3) (a)n overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made; or (4) (a) failure to follow the procedure of this part, unless the party applying to vacate the award continued with the arbitration with notice of this failure and without objection. . . .' . . . These are the exclusive statutory grounds upon which the trial court may vacate an arbitrator's award made in the context of a construction contract." *Cotton States Mut. Ins. Co. v. Nunnally Lumber Co.*, 176 Ga. App. 232, 236 (335 SE2d 708) (1985).[1]

Without attempting to place its challenge to the award within this statutory scheme, the Board seems to suggest that the arbitrators were impartial or overstepped their authority by refusing to apply principles of res judicata, collateral estoppel, accord and satisfaction and the law applicable to pass through claims as stated in *Department of Transp. v. Claussen Paving Co.*, 246 Ga. 807 (5) (273 SE2d 161) (1980). We find no merit to these claims.

(a) As stated supra, the Board specifically allocated a portion of the award ($87,850) to the claims of the mechanical and masonry subcontractors. In *Claussen* our Supreme Court held that "it is insuffi-

---

[1]The parties entered into the contract for construction of the school on February 8, 1983. Consequently, we must apply OCGA § 9-9-80 et seq. as it existed prior to amendment effective July 1, 1988. 1988 Ga. L., p. 903, § 1.

cient proof for a prime contractor who is suing an owner to prove that his subcontractor has sustained injury or damage through fault of the owner *unless the prime contractor goes further and shows that he somehow is responsible to the subcontractor for those damages.*" (Emphasis supplied.) Id. at 810-811. The Board thus argues that Foster & Cooper could not recover on behalf of its subcontractors because of prior agreements between them pursuant to which the subcontractors had agreed not to seek redress of their claims against Foster & Cooper. However, in the case at bar, unlike the situation in *Claussen*, Foster & Cooper presented evidence that any recovery from the Board arising out of the claims of these two subcontractors would be "passed on" to the subcontractors pursuant to the prior agreement of the parties. The Board argues, however, that this factor does not distinguish this case from *Claussen* because "that is exactly what the general contractor did [in that case]. It had assigned any recovery to its subcontractor. . . ." However, our reading of *Claussen* indicates that Claussen did not agree to "pass on" its recovery to its subcontractor, but rather had assigned "any *claim* it might have relating to . . . the contract" to its subcontractor. (Emphasis supplied.) Id. at 810. Moreover, *Claussen* also involved the claims of a second subcontractor, and as to those claims the court specifically noted that "[t]here is no evidence in the transcript that Claussen would have to pass on to [its subcontractor] the amount of its recovery. . . ." Id. at 810. We agree, therefore, that this case is distinguishable from *Claussen* insofar as Foster & Cooper presented evidence showing that it was required to "pass on" any recovery awarded on the basis of the claims of the masonry and mechanical subcontractor.

(b) The Board also argues that certain of the claims asserted on behalf of the mechanical subcontractor were barred by the doctrine of res judicata and collateral estoppel because claims involving that subcontractor had been presented at an earlier arbitration proceeding. The transcript shows, however, that the delay and disruption claim at issue here had not been presented at the first arbitration and that this claim would have been premature at that proceeding because at that time the project was not yet complete.

(c) The Board also challenges the $635,900 lump sum portion of the award, attempting to relitigate and reargue the extensive evidence presented during the five days of hearings. "[The arbitrators] had province to judge the credibility of the witnesses and the weight of the evidence and their apparent judgment is supported by the evidence." *Cotton States*, supra at 236. Likewise, for the reasons stated above, the trial court did not err in dismissing the Board's complaint for declaratory judgment.

2. The Board's second enumeration assigns error to that portion of the trial court's order of July 8, 1988, awarding attorney fees to

Foster & Cooper. The record shows that the Board did not file an application to this court seeking review of the order awarding attorney fees at the time it was entered (see OCGA § 5-6-34), that the Board did not challenge this award in the trial court, and that the trial court did not rule on this award in its order confirming the arbitration. Consequently, since the notice of appeal was filed in this case on April 18, 1989, some nine months after entry of the order complained of, we are without jurisdiction to consider any enumerations of error relating to this earlier award. See, e.g., *Rockdale County v. Water Rights Committee*, 189 Ga. App. 873 (377 SE2d 730) (1989).

*Judgment affirmed. Banke, P. J., concurs. Sognier, J., concurs in Division 1 and in the judgment.*

DECIDED MARCH 15, 1990 —
REHEARING DENIED MARCH 28, 1990 —

*Fortson & White, John A. Howard, Charles D. McDonald III, Warren C. Fortson*, for appellants.
*Porter & Doster, J. Alexander Porter, Richard I. Metzger, Mahlon F. Rhaney, Jr.*, for appellee.