A91A0120. COVRIG et al. v. MILLER et al.
(406 SE2d 239)

BIRDSONG, Presiding Judge.

Alex and Elaine Covrig appeal from the judgment of the trial court, following a bench trial, in favor of Jerry Houston Miller, Violet Miller, Melvin Chaney, and K. C. Campbell ("appellees") in litigation arising from a land line dispute. The trial court ruled against the Covrigs on the location of the land line and found as fact that the Covrigs' land had not been trespassed upon, and found that "as to the claims, defenses and other positions of Alex Covrig and Elaine M. Covrig that there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept [them]." The trial court, however, found in favor of the Covrigs on appellees' *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) abusive litigation claims, but concluded that appellees had carried their burden of proof on their claims for attorney fees and expenses of litigation under OCGA § 9-15-14. The trial court also found in favor of appellees on the Covrigs' *Yost* claims. Thereafter, the trial court rendered judgment in favor of appellees, including an award for appellees' attorney fees and expenses of litigation under OCGA § 9-15-14.

The Covrigs contend the trial court erred by awarding attorney fees and expenses of litigation under OCGA § 9-15-14 and *Yost v. Torok*; that the judgment was contrary to law, the evidence was insufficient to support the verdict; and that the judgment was against the weight of the evidence. The Covrigs also allege that the trial court erred by denying their motion for new trial. *Held*:

1. Examination of the trial court's findings of fact and conclusions of law shows plainly that although the trial court found there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the Covrigs' claims, defenses, and positions, the trial court did not award damages for abusive litigation under *Yost v. Torok* to any of the parties, and the award of attorney fees and expenses of litigation was made solely under OCGA § 9-15-14. Therefore, the trial court's failure to use the procedures prescribed in *Yost v. Torok* for deciding such claims did not prejudice the Covrigs and this allegation is without merit.

The trial court's findings of fact regarding the Covrigs' claims, however, required the award of attorney fees and expenses of litigation. OCGA § 9-15-14 (a). As the standard of review for awards of

attorney fees and expenses of litigation is the any evidence standard (*Haggard v. Bd. of Regents*, 257 Ga. 524, 527 (360 SE2d 566)), the Covrigs' arguments based upon *Yost v. Torok* and cases interpreting OCGA § 13-6-11 are not persuasive. Award of *Yost* damages was not mandated, however, even though the trial court found that it could not be reasonably expected that a court would accept the Covrigs' claims. See *Yost v. Torok*, supra at 95; *Hamilton v. Powell, Goldstein, Frazer & Murphy*, 252 Ga. 149 (311 SE2d 818). Consequently, denial of *Yost* damages did not require the denial of the OCGA § 9-15-14 award and the judgment was not inconsistent.

Further, the judgment complained of resulted from a bench trial. In bench trials, the findings of the trial court will not be set aside unless clearly erroneous and regard must be given to the trial court's opportunity to assess the credibility of the witnesses. OCGA § 9-11-52 (a). Moreover, the "clearly erroneous" test is in essence the same as the "any evidence" rule and appellate courts cannot disturb the findings of fact by the trial court if there is any evidence to support them. *Commonwealth Fin. Corp. v. Sherrill*, 197 Ga. App. 403, 404-405 (398 SE2d 438). As the trial court's findings of fact are supported by evidence in the record, the Covrigs' arguments asking this court to interpret the evidence differently from the trial court are to no avail. Accordingly, the Covrigs' enumerations of error alleging that there was insufficient evidence to support the verdict or that the judgment is against the weight of the evidence are without merit.

2. The Covrigs support their allegation that the judgment is contrary to the law by various references to Title 44 of the Official Code of Georgia Annotated and a decision of the Georgia Supreme Court. Nothing in their argument, however, shows how these authorities might be applicable to this appeal or how the judgment of the trial court is contrary to them. Accordingly, these arguments are without merit. In any event, as the location of the land line is primarily a question of fact and the trial court's findings of fact are supported by the evidence, there was no error.

3. The Covrigs assert that a new trial was warranted because appellees' evidence did not correspond to their pleadings. The Covrigs, however, have not shown how the evidence did not correspond to the pleadings. Moreover, we have examined the record and the pleadings and we find these assertions to be without merit.

4. Appellees' motion for damages under OCGA § 5-6-6 is granted. Review of the briefs filed in this appeal by the Covrigs shows that there was no reason to believe that any of the arguments advanced therein would result in reversal of the trial court's judgment. "After reviewing the record and the briefs, and after consideration of the enumerations of error, we conclude that the appeal in this case 'was so palpably without merit as to admit of no other conclusion than

that it was filed for purposes of delay.' [Cit.] Accordingly, we grant [appellees'] motion for the imposition of ten percent damages pursuant to OCGA § 5-6-6. The clerk is directed to enter ten percent damages upon the remittitur." *Adams v. Cato*, 175 Ga. App. 28, 29 (332 SE2d 355).

*Judgment affirmed with direction. Pope and Cooper, JJ., concur.*

DECIDED MAY 17, 1991 —
REHEARING DENIED JUNE 5, 1991.

*Ronald G. Shedd*, for appellants.

*F. Bryant Henry, Jr., Westbrook & Vines, Carlton H. Vines*, for appellees.