A91A2070. T. L. ROGERS OIL COMPANY v. SOMMERS COMPANY.
(417 SE2d 44)

ANDREWS, Judge.

The Sommers Company sued T. L. Rogers Oil Company on open account for petroleum products.

In its answer, no denial of the debt was made, only that "defendant is unable to either admit or deny such allegations but demands strict proof thereof."

In response to requests for admission, Rogers admitted that copies of the invoices from Sommers attached to the requests showing quantities, dates of deliveries, and cost were true and correct copies; that Rogers ordered and received the goods and services reflected thereon; that Rogers was credited with the amount representing returned goods; and that statements of account attached to the requests were true and correct copies. Rogers, in response to whether the statements accurately reflected the debts and credits and whether Rogers owed the principal sum of $13,553.36, stated only that he was without sufficient information to form a belief as to the truth of the "allegations" contained in those two requests and demanded "strict proof" thereof. Rogers denied only that Sommers was entitled to prejudgment interest.

Sommers then filed its motion for summary judgment including the affidavit of its assistant office manager that the records were business records and correctly reflected the transactions and total debt of $13,468.29 plus interest.

1. Rogers filed no affidavits in opposition but contended there were issues of material facts. There were no depositions or other factual matters contained in the record although alluded to in the response. The court correctly granted summary judgment. OCGA § 9-11-56 (c); *Concept-National v. DiMattina Supply Co.,* 147 Ga. App. 865, 866 (250 SE2d 552) (1978).

2. Sommers' motion for sanctions against appellant pursuant to OCGA § 5-6-6 is granted. Review of the briefs filed here and the record on appeal shows there was no reason to believe that any of the

arguments would result in reversal of the trial court's judgment. " '[W]e conclude that the appeal in this case "was so palpably without merit as to admit of no other conclusion than that it was filed for purposes of delay." (Cit.) . . . [Cit.]' " *Covrig v. Miller,* 199 Ga. App. 864, 865 (4) (406 SE2d 239) (1991). The clerk is directed to enter ten percent damages upon remittitur. Id.

*Judgment affirmed with direction. Sognier, C. J., Birdsong, P. J., Carley, P. J., Pope, Beasley, Cooper and Johnson, JJ., concur. McMurray, P. J., concurs in part and dissents in part.*

McMurray, Presiding Judge, concurring in part and dissenting in part.

While I concur in the majority's holding in Division 1 and all that is said therein, I cannot concur in the holding of the majority in Division 2, wherein a ten percent penalty is imposed, as I would decline to grant appellee's OCGA § 5-6-6 motion.

Decided March 17, 1992.

*Richard Phillips,* for appellant.
*Arnall, Golden & Gregory, Lisa R. Coody,* for appellee.