## A94A2286. GOODRICH v. SOUTHLAND HOMES CORPORATION.
### (449 SE2d 154)

BLACKBURN, Judge.

Appellant, Amy Goodrich (Goodrich), brings this appeal from the trial court's confirmation of an arbitration award against her in an action initiated by Southland Homes Corporation (Southland) to enforce a construction contract between the parties.

1. Goodrich initially asserts that the trial court erred by confirming the award granting construction costs to Southland without contemporaneously requiring Southland to convey title to the property on which the house was built. In this regard, she argues that the award, as thus structured, evidenced an imperfect execution of arbitration authority requiring that the award be vacated under provisions of OCGA § 9-9-13 (c) (3). We disagree.

"The standard of review of the trial court of an application to vacate an arbitrator's award made in the case of a construction contract is governed by statute. OCGA § [9-9-13] reads in pertinent part 'The award shall be vacated on the application of a party who either participated in the arbitration or was served with a demand for arbitration if the court finds that the rights of that party were prejudiced by: (1) (c)orruption, fraud, or misconduct in procuring the award; (2) (p)artiality of an arbitrator appointed as a neutral; (3) (a)n overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made; or (4) (a) failure to follow the procedure of this part, unless the party applying to vacate the award continued with the arbitration with notice of this failure and without objection." *Cotton States Mut. Ins. Co. v. Nunnally Lumber Co.*, 176 Ga. App. 232, 236 (4) (335 SE2d 708) (1985). Moreover, "proceedings to confirm or vacate an arbitration award should be severely limited in order not to frustrate the purpose of avoiding litigation by resorting to arbitration. Where no ground exists for vacating or modifying the award, it is the duty of the court to confirm it, and proper for it to do so." Id. Consequently, in order to reverse the decision of the trial court, this court must find that its findings were clearly erroneous. Id. at 237.

Goodrich's initials opposite paragraph 30 of the agreement acknowledged that each paragraph or special stipulation of the agreement had been explained to her and that she accepted the same. Among these was the stipulation by which she agreed to submit to arbitration any dispute relating to the construction of a home. Signif-

cantly, however, neither the disputes stipulation nor the remainder of the agreement, purported to extend to matters pertaining to the conveyance of property. As a result, Goodrich did not agree to submit more than construction disputes to the arbitrator. Inasmuch as the Georgia Arbitration Code is, in general, limited to "all disputes in which the parties thereto have agreed in writing to arbitrate," OCGA § 9-9-2 (c), the arbitrator here was without authority to arbitrate any issue relating to the conveyance of property. Therefore, the award, limited to resolving the construction disputes before him, was proper.

2. Goodrich next argues that the trial court wrongly failed to vacate the award because the arbitrator overstepped his authority by arbitrating a "residential real estate contract." Such a contract is not subject to the Georgia Arbitration Code "unless the clause agreeing to arbitrate is initialed by all signatories at the time of the execution of the agreement." OCGA § 9-9-2 (c) (8).

A review of the contract in the instant action satisfies us that it was a construction contract rather than a residential real estate contract. The agreement is styled as a "Home Building Agreement"; its subject matter concerns the construction of a dwelling; its disputes stipulation is limited to construction disputes. Accordingly, this enumeration is without merit.

3. Goodrich next contends that the award should be vacated because the arbitrator overstepped his authority by arbitrating a contract in the nature of "consumer transactions" as defined in paragraphs (2) and (3) of subsection (a) of OCGA § 10-1-392, relating to definitions in the "Fair Business Practices Act" in violation of OCGA § 9-9-2 (c) (8).

OCGA § 10-1-392 (a) (3) defines "consumer transactions" as "the sale, purchase, lease, or rental of goods, services, or property, real or personal, primarily for personal, family or household purposes." As we indicated in Division 2, the subject agreement is a construction contract and is expressly within the bounds of the Georgia Arbitration Code. OCGA § 9-9-2 (c). To construe it otherwise would be to deny the parties, in part, the benefit on which the contract was based. This we decline to do.

4. Goodrich further argues that the award was imperfect in that no final and definite award upon the subject matter was made and the court erred in confirming same, as the underlying contract was not enforceable due to a lack of mutuality and a want of consideration. This argument likewise is without merit. The agreement provided that Southland would build a home, in exchange for which, Goodrich would pay the contract price. See *Atlanta Six Flags Partnership v. Hughes*, 191 Ga. App. 404, 407 (1) (381 SE2d 605) (1989).

5. Finally, Goodrich argues that the trial court's confirmation of the award was improper because Southland's demand for arbitration

failed to notify Goodrich of her right to seek a stay of arbitration as required by OCGA § 9-9-6 (c) (3).

An arbitrator's award may be vacated *"if the court finds that the rights of that party were prejudiced by . . . failure [of any party] to follow the procedure of [Part I of the Georgia Arbitration Code],* unless the party applying to vacate the award continued with the arbitration *with notice of this failure* and without objection." (Emphasis supplied.) OCGA § 9-9-13 (b) (4).

It is uncontroverted that Goodrich had notice of the arbitration hearing and that she participated therein without objection. The record does not reflect however at the time of the hearing Goodrich had notice of Southland's failure to meet the requirements of OCGA § 9-9-6 (c) (3) in its demand for arbitration. OCGA § 9-9-6 (c) (3) provides: "That the party served with the demand shall be precluded from denying the validity of the agreement or compliance therewith or from asserting limitation of time as a bar in court unless he makes application to the court within 30 days for an order to stay arbitration." Inasmuch as Goodrich makes no "limitation of time" argument and both the "validity" and "compliance" issues were, in fact, dealt with by the arbitrator, no harm has resulted to her from her failure to make application for an order to stay arbitration.

We thus find no prejudice resulting to Goodrich from Southland's failure to give proper notice. The error, if any, is harmless under the facts of this case.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 5, 1994.

*Campbell & Dreger, Richard J. Dreger,* for appellant.
*Barnes, Browning, Tanksley & Casurella, Jeffrey G. Casurella,* for appellee.