A95A0122. HUNDLEY et al. v. GREENE et al.
(461 SE2d 250)

BIRDSONG, Presiding Judge.

This is an appeal from the superior court's confirmation of an arbitrator's award in a construction dispute between Hundley and Butt, who are the homeowners, and the contractor Stephen Greene individually and d/b/a Stephen Greene Construction. The arbitrator found favorably to Greene and two independent contractors who were not parties to the arbitration agreement and did not participate in the arbitration.

Appellants in their statement of fact cite evidence of several claims, viz.: that Greene charged appellants more than the contract price; that when appellants had already paid Greene more than the contract price the house was incomplete and so defectively constructed that appellants had to fire Greene; that completion of the

house and repair of the defective construction will cost about $50,000 above the maximum agreed price; that Greene charged appellants for 7,076 finish bricks and 2,300 fill bricks which are missing, according to appellants' expert who counted the bricks in the house, and that this evidence was not refuted by Greene; that Greene charged appellants for 400 pieces of lumber which were not used in the house; that an independent contractor double-billed appellants for footings; that Greene's painter sprayed paint over mildewed siding; that two months after being fully paid, the framer filed a materialmen's lien, although the house is out-of-square and the county issued a stop-work order because the framer did not complete the job properly; that Greene built the brick underpinning two feet lower than required by contract, with ensuing water problems; that Greene never completed trim work; that although Greene guaranteed the floors, an inspection nine days after he was fired revealed the flooring had cracked, which will cost $12,000 to $18,000 to repair. Appellants specifically describe, with citations to the record, those and other defects too numerous to recount here.

The trial court found, however, that as appellants offered "no independent evidence" of fraud, corruption or misconduct in the arbitrator's award or that the arbitrator overstepped his authority, the trial court had no authority to review and "rehash" the award and that it was the "duty" of the trial court to confirm it, citing *Raymer v. Foster & Cooper, Inc.*, 195 Ga. App. 200, 202 (393 SE2d 49). Appellants contend the arbitrator exceeded his authority by failing to adhere to rules of contract construction, and by awarding Greene a bonus and making awards to persons who were not parties to the construction contract and arbitration agreement and who declined to participate in the arbitration. *Held*:

1. Appellees Greene move to dismiss the appeal as frivolous. They contend the appeal does not challenge the judgment within the framework of OCGA § 9-9-13 (b) as to grounds for vacating an arbitration award. The appeal is not frivolous.

2. The trial court is required by law to accept the arbitrator's findings of fact and may vacate the award only "if the court finds that the rights of [a] party were prejudiced by: (1) Corruption, fraud, or misconduct in procuring the award; (2) Partiality of an arbitrator appointed as a neutral; (3) An overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made; or (4) A failure to follow the procedure of this [law], unless the party applying to vacate the award continued with the arbitration with notice of this failure and without objection." OCGA § 9-9-13 (b).

Appellees Greene are incorrect in asserting that the evidence in an arbitrated case is irrelevant to show any ground named in OCGA

§ 9-9-13 (b) for vacating the award. It is true that an appellate court has no authority to weigh evidence when the factfinder has ruled on that evidence, but that rule hinges on the requirement that there be evidence to support the findings in the first place. See, e.g., OCGA § 5-4-12 (b) which sets a "substantial" evidence standard for the superior court's *certiorari* review of "any inferior judicatory" or a case heard before "any person exercising judicial powers" (OCGA § 5-4-3); and see, e.g., OCGA § 50-13-19 (h) (5) and (6) which allows review of administrative rulings to determine whether an administrative decision is "[c]learly erroneous in view of the reliable, probative, and substantial evidence on the whole record" or is so "[a]rbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." In other cases where the legislature has made no such direction, the lower judicatory's findings may be reversed or vacated as not supported by "any evidence." See *Green Room v. Confederation Life Ins. Co.*, 215 Ga. App. 221 (1) (450 SE2d 290). Whenever any award is not supported by any evidence it is "clearly erroneous." *Bd. of Equalization v. York Rite &c. of Savannah*, 209 Ga. App. 359 (433 SE2d 299); *Covrig v. Miller*, 199 Ga. App. 864, 865 (406 SE2d 239).

Arbitration cases are controlled exclusively by the Georgia Arbitration Code, OCGA § 9-9-1 et seq., but they are not exempt from the general requirement that a finding of fact be supported by evidence. See *Raymer*, supra at 202 (1) (c); *Cotton States Mut. Ins. Co. v. Nunnally Lumber Co.*, 176 Ga. App. 232, 235-237 (335 SE2d 708). In *Cotton States* at p. 235, we addressed a contention that the arbitrators' award was "totally inconsistent with the overwhelming weight of the evidence." We held that "[t]he record contains conflicting testimony. . . . Nor [does the evidence] unequivocally support a finding of liability by Nunnally. . . . [The arbitrators] had province to judge the credibility of the witnesses and the weight of the evidence *and their apparent judgment is supported by the evidence*. See *Cartledge v. Cutliff*, 21 Ga. 1 (1857)." (Emphasis supplied.) Id. at 235-236. In Division 4 of *Cotton States* (pp. 236-237), we addressed a contention that the trial court erroneously applied an "any evidence" standard rather than the statutorily mandated one, and we concluded that it was not necessary to determine whether the trial court erroneously applied an "any evidence" standard of review, since the trial court did not depart from the statutory standard of review. But we also held the trial court made findings of fact which were "not clearly erroneous and indeed, are supported by the record." Id. at 237. In *Amerispec Franchise v. Cross*, 215 Ga. App. 669, 671 (452 SE2d 188), we cited the general rule that " 'an arbitrator's decision must be upheld unless it is *completely irrational* or it constitutes a manifest disregard of the law.' *Bartlett v. Dimension Designs*, 195 Ga. App. 845,

848 (395 SE2d 64) (1990), overruled on other grounds, *Pace Constr. Corp. v. Northpark Assoc.*, 215 Ga. App. 439 (450 SE2d 828) (1994)." (Emphasis supplied.) An award is *"completely irrational"* if it is not supported by evidence.

As the Supreme Court concluded in the early case of *Cartledge v. Cutliff*, supra, it defies common sense to say courts have no power to review an arbitration award which does not comport with the law. We think it equally defies common sense to say that an award which is not supported by any evidence, and is thus clearly erroneous and completely irrational or amounts to fraud, nevertheless comports with the law and must be affirmed by the courts. The legislature, in naming the grounds for vacating an arbitrator's award, did not intend to elevate the powers of arbitrators above the powers of courts of law, administrative courts and juries.

The function of the trial court in proceedings to confirm or vacate an arbitration award is severely limited "in order not to frustrate the purpose of avoiding litigation by resorting to arbitration." *Cotton States*, supra at 236-237 (4). To that end, the *sufficiency* of evidence is not subject to judicial review in arbitration cases, but if an arbitration award is not supported by *any* evidence, it is clearly illegal. See 5 AmJur2d, Arbitration and Awards, § 145. The ordinary requirement that arbitrators' awards be supported by some evidence does not frustrate that purpose, and no party has a right to an award based on no evidence. Nothing in OCGA § 9-9-13 prohibits a party from showing that he was prejudiced in a manner named in OCGA § 9-9-13 (b) because the findings are not supported by any evidence. The powers of an arbitrator do not include power to issue clearly erroneous or completely irrational findings of fact, for this would deprive a party of due process and would prejudice him within the meaning and spirit of § 9-9-13 (b). A finding of fact which is not supported by any evidence is clearly erroneous and "completely irrational" and is therefore a finding made outside the authority of the arbitrator, or is fraud or tainted by partiality. See OCGA § 9-9-13 (b) (1), (2) and (3). If the courts are required to accept and confirm an arbitrator's award even if it is not supported by any evidence, the arbitrator's powers would surpass those of any court of law which is bound to limit its findings to the evidence, would surpass those of this court and the Supreme Court, and would amount to unlimited power, including power to cloak fraud in a mantle of "factfinding."

In asserting that such unlimitable power is the law, appellees and the trial court rely on a reference in *Raymer*, supra at 202 (1) (c) to a party's attempt to "relitigate and reargue the extensive evidence" presented at arbitration. However, this was not a statement that we have no authority to review evidence decided by an arbitrator. The statement was made only in the expressly stated context that the

*Raymer* arbitrators' judgment *"[was] supported by the evidence."* (Emphasis supplied.) Id., citing *Cotton States*, supra.

With respect to the dissent, arbitration is a unique process and the parties do waive many rights, but the right to have his case judged by the evidence is a right not waived by any party. Arbitration is part of the "judicial process," for the legislature made arbitration subject to judicial review on the application of any party. OCGA §§ 9-9-12 through 9-9-16. An application to arbitrate may be made to superior court (OCGA § 9-9-4) and the final award is reviewed by the courts. OCGA § 9-9-12 et seq. Under OCGA §§ 9-9-8 and 9-9-9, arbitrating parties have rights of subpoena power, discovery, and cross-examination, but these rights are pointless if an arbitrator can with impunity issue an award not supported by any evidence. However liberal the powers of an arbitrator, they do not arise to the power to force the courts to affirm awards not based on any evidence. A court may not reject the arbitrator's findings merely because it disagrees with them, and it may not examine the *sufficiency* of the evidence (see *Cotton States*, supra at 235-236), but if there is *no* evidence to support an award, it is "completely irrational" and it is an illegal award. So long as arbitration awards are subject to review of this court, we must respond to a showing that they are not supported by any evidence, unless the legislature decrees otherwise in legislation held constitutional.

According to the statement of facts and citations to the record by appellants, this award is "completely irrational" (*Amerispec Franchise*, supra) and appellees have not shown that it is supported by any evidence.

3. In their appellate brief, appellees Greene say they disagree with appellants' statement of facts, but, in violation of Court of Appeals Rule 27 (b) (1), they point out no material inaccuracy or incompleteness in appellants' statement of fact and they provide no additional statement of facts. Further, while citing no evidence to dispute appellants' statement of facts, appellees Greene assert they "[do] not consent to a decision of this case on those portions of the transcript selectively gleaned by appellants." See Rule 27 (b) (1).

Appellees' reason for disdaining to refute appellants' statement of facts is that, according to appellees, evidence is irrelevant to a consideration of the grounds for vacating an arbitrator's award stated in OCGA § 9-9-13 (c). The legislature has never made such a pronouncement and, as we noted in Division 2, could not reasonably have intended to give arbitrators the unlimited power such a rule would create.

Appellees Greene may not dispute appellants' statement of facts without following the requirement of Court of Appeals Rule 27 (b) (1) to "point out any material inaccuracy or incompleteness of state-

ment in [appellants' brief or to cite] such additional parts of the record or transcript [as are] deemed material." According to Rule 27 (b) (1), if appellees fail to point out such material inaccuracy or incompleteness and fail to provide an additional statement of fact and cite additional material evidence, they will be held to have consented to a decision of the case on the statement made by the appellants. And, unless appellees follow Rule 27, they have no right to assert they "[do] not consent to a decision of this case on those portions of the transcript selectively gleaned by appellants." As long as appellants' statement of facts is based on evidence cited in the record, we will not disregard it merely on an assertion that it is "selectively gleaned," for it is not this court's duty to sift the record on behalf of a party to sustain that party's position (see *Baker v. NEI Corp.*, 144 Ga. App. 165, 167 (241 SE2d 4)); if appellants' statement does not reflect the evidence or, as against a showing that the award is not supported by evidence, if there is evidence to support the award, it is appellees' duty to show it.

As appellees give no statement of fact pointing out inaccuracies or incompleteness in appellants' statement of facts and have made no citations to the record, they are deemed to have consented to appellants' statement of facts, pursuant to Rule 27 (b) (1). Parties may not correct fatal deficiencies in their original brief by filing supplemental briefs. *MOM Corp. v. Chattahoochee Bank*, 203 Ga. App. 847, 849 (418 SE2d 74).

Appellants having shown that the award is not supported by the evidence and is completely irrational, and *the appellees having cited no evidence in support of the award*, we find the arbitrator based its award on findings which are not supported by any evidence and are therefore outside the evidence. Although the legislature may deem that the standard of review may be higher, it is clear that an award must at least be supported by *some* evidence and as the award in this case is not supported by *any* evidence, it is clearly erroneous. At the very least it oversteps the arbitrator's authority or shows partiality. OCGA § 9-9-13 (b) (2), (3).

4. The arbitrator erred in entering findings and an award in favor of non-parties with whom appellants had no arbitration agreement, who refused to participate in the arbitration, and against whom appellants could assert no counterclaim and were deprived of full rights of discovery and confrontation.

OCGA § 9-9-2 (c) provides that the arbitration law shall apply to all disputes in which "the parties thereto have agreed in writing to arbitrate." See also OCGA § 9-9-9. The arbitrator failed to follow procedure (OCGA § 9-9-13 (b) (4)) and exceeded its authority by issuing an award to persons who were not parties to the arbitration agreement (see *Bank South v. Howard*, 264 Ga. 339, 340, fn. 5 (444 SE2d

799)) and who did not join the arbitration. Id. at (3); see *Hilton Constr. Co. v. Martin Mechanical Contractors*, 251 Ga. 701 (308 SE2d 830).

The superior court is directed to vacate the arbitrator's award and to proceed according to OCGA § 9-9-13 (c).

*Judgment reversed and remanded. McMurray, P. J., Pope, P. J., Johnson, Blackburn and Ruffin, JJ., concur. Beasley, C. J., concurs in judgment only. Andrews and Smith, JJ., dissent.*

SMITH, Judge, dissenting.

I must respectfully dissent.

1. I cannot agree with the majority that the superior court erred in confirming the arbitrator's award. The position taken by the majority is appealing because it is steeped in judicial tradition: It is difficult to imagine that this court properly might affirm a decision unsupported by evidence. Arbitration, however, is a unique procedure.

The purposes for which parties agree to arbitration vary from one case to another, but in general, arbitration is used to *circumvent* the time and expense consumed by the judicial process. Legal rights do not govern its outcome; the parties agree to waive these rights in return for the swift resolution of a dispute by extralegal means. Since it is not, strictly speaking, part of the judicial process, the rules applicable to that process do not apply.

Our legislature recognized this, setting forth in OCGA § 9-9-13 very limited grounds upon which such an award might be disturbed. An arbitrator's award may be vacated only when fundamental *procedural* defects exist in the *process* itself: when corruption, fraud, misconduct, or partiality on the part of the arbitrators is shown, or when the arbitrators have exceeded the bounds of their agreed-upon authority or failed to execute it completely. "The fact that the relief was such that it could not or would not be granted by a court of law or equity is not a ground for vacating or refusing to confirm the award." OCGA § 9-9-13 (d).

The courts of this state have repeatedly recognized the limited role assigned to the judiciary in the arbitration process. " 'The function of the trial court in proceedings to confirm or vacate an arbitration award should be severely limited in order not to frustrate the [entire] purpose of avoiding litigation by resorting to arbitration.' [Cit.]" *Amerispec Franchise v. Cross*, 215 Ga. App. 669, 670 (452 SE2d 188) (1994). OCGA § 9-9-13 is a reflection of this policy. Id.[1]

---

[1] See also *Goodrich v. Southland Homes Corp.*, 214 Ga. App. 790 (1) (449 SE2d 154) (1994) (where none of statutory grounds exists for vacating arbitrator's award, court must confirm); *Bartlett v. Dimension Designs*, 195 Ga. App. 845, 848 (395 SE2d 64) (1990), overruled on other grounds *Pace Constr. Corp. v. Northpark Assoc.*, 215 Ga. App. 438 (450 SE2d

Arbitration fills needs of parties unmet by litigation. It has been recognized and encouraged by the legislature as a worthy extrajudicial process. If we now impose upon this special procedure standards not contemplated by the legislature that are applicable only to proceedings judicial in nature and that expand a trial court's discretion to vacate an arbitrator's award, we frustrate the very purpose of binding arbitration. In my view, this accomplishes no service to the bench, the bar, or the litigants.

Appellees rely upon the statutory grounds enumerated in OCGA § 9-9-13, and do not address the evidence in this case. This approach leads the majority to conclude that the award was unsupported by "any evidence." I cannot agree that appellees' understandable failure to address the evidence warrants this conclusion. Because none of the procedural defects enumerated in OCGA § 9-9-13 was raised in this case, the superior court ruled it was duty-bound to confirm the award. I agree and would affirm.

2. The particular facts of this case also require that we affirm the judgment below. The arbitrator's award in this case actually *favored* appellants on some points. The record indicates appellants have accepted the bounty flowing from this portion of the award. No precedent exists for allowing a party to "have its cake and eat it too" by accepting the favorable portion of an arbitrator's award, as did appellants here, while challenging the remainder of the award.

3. OCGA § 9-9-2 (c) provides, in pertinent part, that the Georgia Arbitration Code, OCGA § 9-9-1 et seq., applies "to all disputes in which the parties thereto have agreed in writing to arbitrate." The superior court found that all parties to the arbitration, *including the appellants*, agreed to be bound by the arbitrator's decision on certain disputes pertaining to the non-parties. Since the parameters of this arbitration were therefore set by agreement, I cannot agree with the conclusion in Division 4 of the majority opinion that the arbitrators erred by making awards to non-parties.

I am authorized to state that Judge Andrews joins in this dissent.

## ON MOTION FOR RECONSIDERATION.

On motion for reconsideration, appellees Greene insist that arbitration is not part of the judicial process and is not subject to judicial review of evidence, because an arbitration award is subject to judicial

---

828) (1994) (arbitration award must be upheld unless "completely irrational" or in "manifest disregard of the law"); *Raymer v. Foster & Cooper, Inc.*, 195 Ga. App. 200 (393 SE2d 49) (1990) (grounds enumerated in former OCGA § 9-9-93 (now OCGA § 9-9-13) are exclusive grounds upon which arbitration award may be vacated); *Cotton States Mut. Ins. Co. v. Nunnally Lumber Co.*, 176 Ga. App. 232, 236 (4) (335 SE2d 708) (1985) (court's authority to vacate arbitration award severely limited and governed by statute).

review only if application is made by a party for confirmation, vacation, or modification. OCGA § 9-9-12. But so long as an arbitration award is appealed, and *whenever* an arbitration award is appealed, it is part of the judicial process. Parties may choose to arbitrate their causes without recourse to the courts, but if the award is made subject to judicial approval, we cannot approve an award which is not supported by evidence, where that challenge is a subject of the appeal.

That the legislature made the Arbitration Act part of the Civil Practice Title rather than of the Courts Title does not change the nature of the appeal process. It is not in the power of the legislature to remove the judiciary's power and duty to ensure that awards on claims in its purview are supported by evidence and are, therefore, lawful. Whatever the defects or omissions in the Arbitration Act, the legislative branch of government does not have the power to force this court to affirm awards which are not supported by evidence. It would be a gross dereliction of our judicial duty, if not fraud, to affirm such awards.

The fact that arbitrators are not required by the legislature to make findings of fact, or the fact that there are no findings of fact, does not alter the requirement of this court that there be evidence to support an award appealed to it, whenever that challenge is made. The fact that no findings of fact are required does not prevent an appellant from showing the award is "completely irrational," fraudulent or partial under OCGA § 9-9-13 (b) because it is not supported by evidence.

Appellees Greene have now undertaken to cite examples of supporting evidence. It is too late. Appellees cited no evidence, in violation of our rules, because their intent was to force this Court to hold that courts have no authority to review an award appealed to it for supporting evidence. What the legislature decrees, we must follow if it is a constitutional decree, but the legislature cannot encroach on our judicial powers. Every party is entitled by the Constitution to due process of law. Our duty is to provide due process even if the legislature forgets to allow for it. An award not supported by evidence is a failure of due process, and we cannot affirm it.

*Motion for reconsideration denied.*

DECIDED JULY 13, 1995 —
RECONSIDERATION DENIED JULY 28, 1995 — ■■■■■■

*Eugene D. Butt*, for appellants.

*Husby, Myers & Stroberg, Roland H. Stroberg, Cook, Noell, Tolley & Wiggins, Edward D. Tolley, Ronald E. Houser*, for appellees.