### A98A0168. GILBERT v. MONTLICK et al.
(499 SE2d 731)

Judge Harold R. Banke.

In November 1995, David R. Montlick and Gilbert & Montlick, P. C., (the "Firm") initiated an arbitration proceeding against Fred A. Gilbert. The mutually selected arbitrator conducted an evidentiary hearing which spanned several days and included the testimony of more than 20 witnesses and a multitude of documents. The arbitrator's detailed final award set forth the terms by which Montlick would buy out Gilbert's interest in the Firm; provided for a closing of the Firm as of June 30, 1996; specified details on the conclusion of

their law practice; and, inter alia, provided for the closing of the corporate books and records and for Gilbert's final compensation.

Dissatisfied with the results of arbitration, Gilbert filed a motion to vacate the award. Gilbert alleged that the arbitrator overstepped his authority and exceeded his powers by disregarding the parties' shareholder agreement, by ruling on matters not properly before him, and by allowing Montlick to bring the arbitration on behalf of the Firm without authorization by the Firm's Board of Directors. Gilbert asserted that the award had been procured by "corruption, fraud, or misconduct," and should be set aside pursuant to OCGA § 9-9-13 (b) (1), (3). Gilbert further claimed that Montlick, the Firm, and its certified public accountant understated the Firm's earnings by using unrecognized and improper accounting methods, resulting in a decreased payment to him of more than $500,000.

After Montlick and Montlick & Associates, P. C. moved to confirm the award, the superior court conducted a hearing. In rejecting Gilbert's claim that the award had been procured by corruption, fraud, and misconduct, the court determined that Gilbert did not establish the essential elements of a fraud claim. The court observed that the same accounting practices had been utilized for 12 years and that Gilbert failed to offer any evidence that the accounting practices were designed to mislead the arbitrator. The court decided that because Gilbert and his experts had reviewed and audited the Firm's financial statements, "[t]he alleged misrepresentations should have been discovered during the arbitration process and raised with the arbitrator." The court concluded that Gilbert failed to show that the alleged misrepresentations were not discoverable prior to arbitration upon the exercise of due diligence.

In analyzing whether the arbitrator exceeded his authority, the court construed Gilbert and Montlick's 1984 shareholders agreement which contained two arbitration provisions.[1] Although the court found some ambiguity in the document regarding the authority of an arbitrator, it declined to find that the arbitrator had overstepped his authority. The court concluded that the arbitrator was within his authority in determining that Montlick should purchase the Firm for a particular price, notwithstanding the fact that Montlick never made a buy-sell offer. Finally, the court decided that Gilbert failed to show that he was prejudiced by the inclusion of the Firm as a party to the arbitration.

The court refused to vacate the award, finding that Gilbert failed to establish the necessary prejudice and to satisfy the requisite evi-

---

[1] Paragraph 3.8 established the right to arbitration in the event of an unsuccessful buy out effort. Paragraph 13 provided that arbitration could be sought in the event of a dispute or impasse in the operation and management of the Firm.

dentiary burden for setting aside the award under any of the four grounds specified in OCGA § 9-9-13 (b). Enumerating two errors, Gilbert challenges that disposition. *Held*:

1. Gilbert contends that the trial court erred in its application and interpretation of OCGA § 9-9-13 (b) (3). This subsection permits a trial court to vacate an award where the contesting party proves: (1) that he was prejudiced, and (2) that the arbitrator overstepped his authority or executed that authority so imperfectly that the final award was not made on the matter submitted. OCGA § 9-9-13 (b) (3).

In deciding whether to confirm or vacate an arbitration award, a trial court's role is severely curtailed so as not to frustrate the purpose of avoiding litigation. *Cotton States Mut. Ins. Co. v. Nunnally Lumber Co.*, 176 Ga. App. 232, 236 (4) (335 SE2d 708) (1985). See *Goodrich v. Southland Homes Corp.*, 214 Ga. App. 790 (1) (449 SE2d 154) (1994). Unless one of the statutory grounds for vacating an award as set forth in OCGA § 9-9-13 (b) is found to exist, a trial court in reviewing an award is bound to confirm it. *Greene v. Hundley*, 266 Ga. 592, 596 (3) (468 SE2d 350) (1996).

On appeal, we will not evaluate the sufficiency of the evidence in arbitration cases and we will not disturb a trial court's confirmation of an arbitration award, unless the existence of any of the four statutory grounds is shown. *Greene*, 266 Ga. at 596-597 (3). Notwithstanding Gilbert's claim to the contrary, the shareholders agreement plainly permits arbitration in the event of an impasse in the management of the Firm and does not require a buy out offer be evaluated before the arbitrator can resolve the impasse. Accordingly, we affirm the court's determination that Gilbert failed to prove that the arbitrator exceeded his authority or considered matters not properly before him because that finding is not "so clearly erroneous that it implicates the very integrity of the arbitrator in the exercise of his authority." *Amerispec Franchise v. Cross*, 215 Ga. App. 669, 671 (1) (452 SE2d 188) (1994).

2. Gilbert reasserts the same argument rejected by the trial court that the arbitration award was procured by misconduct, corruption, and fraud perpetrated on the arbitrator by Montlick, the Firm's accountant, and others. Having examined the arbitration award, we conclude that nothing on its face appears to be the result of corruption, fraud, or misconduct, or evinces any partiality on the part of the arbitrator. Inasmuch as Gilbert failed to sustain his burden of establishing that the trial court clearly erred in determining that the award was not procured by misconduct, corruption, or fraud foisted upon the arbitrator, we must affirm. *Greene*, 266 Ga. at 596 (3); *Stringer v. Harkleroad & Hermance*, 218 Ga. App. 701, 704 (1) (463 SE2d 152) (1995).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED MARCH 12, 1998 —
RECONSIDERATION DENIED APRIL 7, 1998 — 

*Erck, Dever & Merlin, Theodore A. Erck, Jr., Gilbert & Russell, Fred A. Gilbert,* for appellant.

*Nelson, Mullins, Riley & Scarborough, Kenneth L. Millwood, B. Shane Clanton,* for appellees.