A04A2095. DURDEN v. SUGGS.
(610 SE2d 640)

BARNES, Judge.

Melanie Durden appeals the dismissal of her challenge to an arbitrator's award in favor of attorney Eldridge Suggs IV, in a dispute over the fee he charged for defending her son in a criminal action. She contends the superior court's dismissal was clearly erroneous and that the court erred by dismissing her complaint without sufficient findings of fact and conclusions of law, by dismissing the complaint

without allowing her sufficient time to conduct discovery, and by affirming an arbitrator's award that was not supported by evidence. We affirm.

The record shows that the Legal Service Retainer Agreement Durden signed contained the following provision:

> **ARBITRATION.** Should any fee dispute arise between us, we mutually agree that such dispute will be subject to *binding arbitration* pursuant to any Georgia State Bar Association arbitration program. The prevailing party in any arbitration or court proceedings relating to this agreement shall be awarded its reasonable attorneys fees. In addition to the foregoing award of Attorneys fees to the prevailing party, in the event legal action is required to enforce this agreement, the prevailing party shall be entitled to a reasonable attorney's fees to collect or enforce the judgment.

(Emphasis supplied.)

In accordance with this provision, Durden submitted to arbitration her claim that Suggs was not entitled to retain the fee she paid him, and the State Bar Arbitrators issued an award as follows:

> The Arbitrators find as follows:
>
> 1. The petitioner paid $6,400 to Respondent.
> 2. Parties agree $1700 was earned by attorney. OCGA § 15-19-11 is only applied to the $1700 fee earned.
> 3. Petitioner claims $4700 in dispute with no retainer agreement between the parties.
> 4. Fair market value of service (in both Court cases) of all representation at a minimum of $175 per hour at a minimum of 30 hours is in excess of the $4700 in dispute between the parties. The parties agree that a minimum of 30 hours of time has been spent by respondent in both cases.
> 5. No award to Petitioner for $4700 in dispute[;] however, it must be noted that the dispute was brought about by lack of communication and presentment of file documents and Statement of Service to Petitioner by Respondent. Had Respondent timely communicated with his client this Arbitration would not have been necessary.

Not satisfied with this award, Durden filed "Plaintiffs' Objection to an Arbitration Award or, Alternatively, Motion to Vacate a Void Arbitration Award or, Complaint for Damages and Demand for Jury

Trial." The complaint recited the history of the dispute, asserted why the award was wrong factually, and alleged that the award was the result of Suggs's "fraudulent acts during the bar proceeding (fraud by concealment, silence and allowing the bar to act under false illusions)." She further contended that her evidence was ignored. Durden later amended her complaint to refine and restate her allegations. The Amended Complaint stated:

Defendant's awards, however, are due mostly, if not solely, to defendant's fraudulent acts (fraud by concealment, silence and allowing the bar to proceed under false illusions for example) and emotional acts (defendant literally cried and, essentially, if not actually, begged the arbitrators to honor his emotions, not the law and the facts that favored Melanie) during the July 11, 2003, arbitration hearing. Moreover, there is evidence that a (the) greater fraud (of inducement) is the initial reason for Melanie's loss and, consequently, need for the bar proceedings in the first place.

Suggs answered, denying the allegations of the complaint and asserted a counterclaim for abusive litigation. Subsequently, he moved to dismiss the complaint under OCGA § 9-11-12 (b) (6) as her complaint failed to state a claim upon which relief could be granted because of the arbitrators' award against her. Durden's response to the motion primarily attacked the factual basis for Suggs's entitlement to the arbitrator's award, but in a pleading filed on the day the trial court ruled, she also asserted that Suggs "omitted vital information from the arbitrators and fabricated others as well as employed other deceptive devices to defraud plaintiff and the arbitrators out of that award. OCGA § 9-9-13 (b) (1)." The trial court, however, dismissed the complaint, finding that Durden "had failed to meet her burden to allow the court to vacate the arbitration award" and denied relief on Suggs's counterclaim.

On appeal, Durden does not contend that the award was procured by fraud. Therefore, she has abandoned that claim. Issues not enumerated as error will not be considered on appeal. *Rider v. State*, 226 Ga. 14, 15 (2) (172 SE2d 318) (1970). Instead, she confines her appeal to asserting defects in the superior court's procedural handling of her case and to arguing further that the award was not supported by the evidence.

1. Her claim regarding the superior court's failure to make findings of fact and conclusions of law pursuant to OCGA § 9-11-52 (a) is without merit. Such findings are not required when a trial court rules on a motion to dismiss under OCGA § 9-11-12 (b) (6). *Walker v. Walker*, 238 Ga. 273, 274 (1) (232 SE2d 554) (1977). Further, even if

OCGA § 9-11-52 (a) had applied, this Code section only requires a superior court to make findings of fact and conclusions of law upon request. As the record does not show that such a request was made, the superior court did not err by not making such findings.

2. When considering

> whether to confirm or vacate an arbitration award, a trial court's role is severely curtailed so as not to frustrate the purpose of avoiding litigation. Unless one of the statutory grounds for vacating an award as set forth in OCGA § 9-9-13 (b) is found to exist, a trial court in reviewing an award is bound to confirm it.

(Citations omitted.) *Gilbert v. Montlick*, 232 Ga. App. 91, 93 (1) (499 SE2d 731) (1998). Further, because the Georgia Arbitration Code is in derogation of common law, OCGA § 9-9-13 (b) must be strictly construed, and the statutory bases for vacation of arbitration award are the exclusive grounds for such action. *Ralston v. City of Dahlonega*, 236 Ga. App. 386, 387 (1) (512 SE2d 300) (1999). Therefore, "an arbitration award cannot be set aside for mistakes of fact made by the arbitrators, but an award may only be set aside for violation of one or more of the statutory grounds." *Scana Energy Marketing v. Cobb Energy Mgmt. Corp.*, 259 Ga. App. 216, 219 (1) (d) (576 SE2d 548) (2002).

Consequently, Durden's claim that the superior court erred by dismissing her complaint because the evidence did not support the award is also without merit. The case she relies upon, *Hundley v. Greene*, 218 Ga. App. 193 (461 SE2d 250) (1995), was reversed by our Supreme Court in *Greene v. Hundley*, 266 Ga. 592, 595 (3) (468 SE2d 350) (1996), which specifically rejected the lack of evidentiary support as a basis for setting aside an arbitrator's award. Id. at 596-597. Although manifest disregard of the law was added as a ground for vacating an arbitration award in OCGA § 9-9-13 (b) (5) after our Supreme Court decided *Greene v. Hundley,* supra, Durden has not asserted this ground and has not shown that it would apply in this case.

Accordingly, the trial court did not err by dismissing Durden's challenge to the arbitrators' award.

3. In view of our disposition of the case on the grounds stated in Division 2, Durden's complaints regarding the discovery process are moot.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 17, 2005.

Melanie Durden, *pro se.*
*Eldridge Suggs IV*, pro se.